No*:* **25-30209**

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**Brandon Albert Sibley, Howard Gary Brown, Melanie Jerusalem**

*Plaintiffs – Appellants,*

**-V.-**

**Shelly D. Dick, in both Individual & Official Administrative Capacity; William Brown, United States Marshall, in both Individual & Official capacity; Jeff B., United States Marshal, in both his Individual and & Official Capacity; Merrick Garland, U.S. Attorney General, In his official capacity; Ronald L. Davis, in his official capacity as Director, United States Marshals Service; Metropolitan Security Services, Incorporated, also known as Walden Security; Michael Attaway, in both Individual & Official capacity; Jeff Bowie, United States Marshal, in both his Individual & Official Capacity,**

*Defendants - Appellees*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF LOUISIANA**

**CIVIL ACTION NO: 3:23-0024-SMH-CBW**

**ORIGINAL BRIEF FOR THE APPELLANT**

**PLAINTIFFS**

i

# CERTIFICATE OF INTERESTED PARTIES

Howard Brown submits the following persons and entities, as described in the fourth sentence of Fifth Circuit Rule 28.2.1, have an interest in the outcome of this case. These representations are made so the judges of this Court can evaluate possible disqualification or recusal.

**Howard Brown**, Plaintiff

**Brandon Sibley**, Plaintiff

**Melanie Jerusalem**, Plaintiff

**AUSA Katherine Green**, Defense Counsel

**AUSA Karen King**, Defense Counsel

**Elizabeth Bailly Block**, Defense Counsel

**Justin Furrow**, Defense Counsel

**Christine S. Keenan**, Defense Counsel

**US Attorney Chase Evan Zachary**, Defense Counsel

**Federal Judge MDOL Shelly D. Dick**, Defendant

**UNITED STATES MARSHALS SERVICE**

**METROPOLITAN SECURITY SERVICES, INC** (a/k/a WALDEN SECURITY)

**Deputy US Marshal Michael Attaway**, Defendant

**US Marshal William Brown**, Defendant

**Deputy US Marshal Jeff Bowie**, Defendant

**US Attorney General Merrick B. Garland**, Defendant

**Director USMS Ronald L. Davis**, Defendant

Respectfully Submitted,

_____

s/Howard Gary Brown, *Pro se*

## STATEMENT REGARDING ORAL ARGUMENT

This appeal deals with discrimination by multiple federal agencies from multiple branches of government that contain intricate details which Plaintiffs have attempted to lay out wholly in this document, however, oral arguments would be advised should you want to truly comprehend the entirety of what has and is transpiring regarding this case; as it involves law enforcement, judicial employees, private contractors, and administrative employees.

# TABLE OF CONTENTS

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA** ................................................................. i

**CERTIFICATE OF INTERESTED PARTIES** .................................................... ii

**TABLE OF CONTENTS** ...................................................................................... v

**TABLE OF AUTHORITIES** ............................................................................ vii

**STATEMENT OF JURISDICTION** ................................................................... 3

**STATEMENT OF ISSUES** .................................................................................. 3

**INTRODUCTION** ................................................................................................ 4

**STATEMENT OF THE CASE** ......................................................................... 11

**SUMMARY OF THE ARGUMENT** ................................................................ 12

**STANDARD OF REVIEW** ................................................................................ 13

**ARGUMENT** ...................................................................................................... 14

    *I.   DENIAL OF CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW* 14

    *II.   IMPROPER DISMISSAL UNDER RULE 12(b)(1) AND 12(b)(6)* ......... 15

*III.*    *JUDICIAL AND DERIVITIVE IMMUNITY MISAPPLIED*.................**17**

*IV.*    *DENIAL OF ACCESS AND FIRST AMENDMENT RIGHTS*..............**18**

*V.*     *PROCEDURAL IRREGULARITIES AND NOTICE FAILURES*.........**19**

**CONCLUSION**..................................................................................**21**

# TABLE OF AUTHORITIES

**Cases**

Am. Family Life Assur. Co. v. Biles ........................................................ 13

*Bivens v. Six Unknown Named Agents* ................................................... 16

*Church of the Lukumi Babalu Aye v. City of Hialeah* ........................... 15

*Coombs v. United States* ......................................................................... 20

*Employment Div. v. Smith* ..................................................................... 15

*Filarsky v. Delia* ..................................................................................... 18

*Forrester v. White* ................................................................................... 17

*Haines v. Kerner* ..................................................................................... 16

*Patterson v. Mobil Oil Corp* ................................................................... 20

*Perez v. United States* ............................................................................. 17

Ragland Inv. Co. v. Commissioner .......................................................... 13

*Richardson v. McKnight* ......................................................................... 18

United States v. United States Gypsum Co ............................................ 13

*W. Va. Bd. of Educ. v. Barnette* ................................................ 18

**Statutes**

28 U.S.C. § 1291 ...................................................................... 3

28 U.S.C. § 1331 ...................................................................... 3

28 U.S.C. § 1367 ...................................................................... 3

**42 U.S.C. § 1985** .................................................................. 10

**42 U.S.C. § 2000(a)** ............................................... 10, 11, 16, 19

**Rules**

**Fed. R. Civ. P. 56(a).**............................................................ 13

# STATEMENT OF JURISDICTION

Plaintiffs brought this action under 42 U.S.C. § 1983 ROA.31 and for non-compliance with state law claims. ROA.32 The district court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for the 42 U.S.C. § 1983 claim and state law claims, respectively. On March 12th and 13th, 2025, the district court entered a final judgments dismissing all claims with prejudice. ROA.1148 – ROA.1179 Plaintiff timely filed a notice of appeal on <u>April 1, 2025</u>. ROA.1180 This Court has jurisdiction under 28 U.S.C. § 1291.

# STATEMENT OF ISSUES

1.    Whether the district court erred in dismissing all claims with prejudice without permitting discovery.

2.    Whether the court misapplied judicial and derivative immunity to dismiss claims alleging unconstitutional conduct under color of administrative orders.

3.    Whether Plaintiffs plausibly stated constitutional violations under the First and Fourteenth Amendments.

4.     Whether procedural irregularities—including faulty notice and

prejudicial reliance on non-binding, **altered,** or irrelevant case law—

denied Appellants due process.

## INTRODUCTION

This brief is short and sweet because this ultimately comes down

to a single issue: whether this court will allow the judiciary to legislate

from the bench and grant blanket judicial immunity for both individual

and official capacities for administrative actions, with no legislative

action that violate constitutional rights.

**Life, Liberty, and Property** are inalienable, fundamental, and

inherent rights of existence, rights which are the very basis of why

institutions of men were created. All the laws created by free men

include the fact that life, liberty, and property do not exist because men

have made laws, on the contrary, it was the fact that life, liberty, and

property existed beforehand that caused men to make laws to protect

the fundamental principles of existence.

The principle of a thing is its beginning, and the sacred beginning

of the United States of America's inception and that of the Constitution

is the protection of life, liberty, and property, which are the natural

rights of a sovereign people. When through wantonness, fear, greed, apathy, ignorance, or willful disregard to this principle, the governments of men disregard this basic fundamental truth, the reason for the law is lost, and in its place, sits a system that not only protects the loss of these natural; inherent; and sacred rights, and vilifies those who would fight to protect them!

From a political point of view there is but a single principle, - the sovereignty of man over himself. This sovereignty of one's self over one's self is called Liberty. Liberty is restricted to the fundamental principle incorporated into our system of jurisprudence as the reasonable man doctrine. The reasonable man knows his duty to his fellow man, and thinks, speaks, and acts in accordance with these principles in mind.

When in the common course of events men devise ways to circumnavigate the principles of our system of American Jurisprudence, and willfully violate the life, liberty, and property of others by arbitrarily discriminating, absent of any legal or lawful authority, it is the right of the people to redress the courts for grievances.

When the aforementioned occurs, attorneys and sometimes judges, who are trained and supposedly educated to defend these unwarranted

attacks on the people, instead become protectors of the tyrannical despots who would criminalize man in his natural state of being instead of being liberators for the people.

The absolute right, inherent in every American, is that of property: which consists of the free use, enjoyment, and disposal of all his acquisitions without any control or diminution; save only by the laws of the land.

This action arises out of Judge Dick, acting outside the scope of her judicial capacity as set forth by the Constitution of the United States and the Civil Rights Act of 1964; enacting Orders that directed federal employees, under her purview, to unreasonably deprive the Plaintiffs of their civil and constitutional rights. Judge Dick has brought into question the independence of the judiciary to rule on law.

Chief Judge, Shelly D. Dick, omnipotence and all-knowing has defied logic and reason for thirty-four (34) months (Three Years and Eighteen Days see our timeline diagram at ROA.727 ); and extends her personally held beliefs and bias to incorporate knowing the medical needs of each individual that enters the Courthouse located at, 777 Florida Street, Baton Rouge, Louisiana, and deeming them incapable of

making informed decisions regarding their own health. Judge Dick

defies logic and reason in forcing medical decisions upon the general

public; requiring the Plaintiffs and others similarly situated **(Exhibit K**

**& L)** ROA.98 & ROA.101 to forcibly choose between taking

experimental drugs or wearing a mask to enter the Federal Courthouse.

This is a violation of the Plaintiffs constitutionally secured rights,

absent of any legal or lawful authority.

Chief Judge, Shelly D. Dick, in her confirmation hearing, when

replying to Senator Chuck Grassley, regarding temperament of Judges,

stated; "Foremost, a judge should be a student of law. A judge should

display an even temper, exercise patience, listen carefully, and strive to

provide a timely and efficient process to the litigants. I believe that the

most important quality of a judge is to carefully research and discern

the rule of law to be applied to the particular facts of the case and to

uphold the rule of law in a fair, impartial, and unbiased manner."

Sounds good in a Senate hearing, but she isn't practicing what she is

preaching.

Chief Judge, Shelly D. Dick a student of the law, has created a

workforce directly under her control, that has led from disparate impact

to actual disparate treatment, segregating the people into classes, unvaccinated and vaccinated. Individuals who are vaccinated that enter the Middle District Court of Louisiana have more liberty and freedoms than do the unvaccinated.

Chief Judge, Shelly D. Dick, directed the U.S. Marshals to negligently and maliciously enforce her idea of justice, her biased opinion regarding vaccine efficacy and safety, and to display extreme prejudice towards the Plaintiffs and others similarly situated. ROA.138 Forced personal medical decisions to exercise an unalienable right is an illogical and unreasonable abuse of power especially when considering the time frame of thirty-four (34) months.

Chief Judge Shelly D. Dick neither gained jurisdiction over the Plaintiffs nor exercised her just powers of limited jurisdiction in the carrying out of judicial acts, and further directed the US Marshals and their private security to target the Plaintiffs. Therefore, Judge Shelly D. Dick has not only disregarded the rulings by the Fifth Circuit regarding

the unconstitutionality of the Covid-19 mandates, but rather has enacted her own form of justice with a clear absence of all jurisdiction. [1]

Chief Judge, Shelly D. Dick, knows or should know that the right of the people to make any decision that effects life, limb, or personal security is a right left to the people themselves, as reserved in the Ninth Amendment.

This action arises out of the Defendants' forcibly imposing medical decisions on the Plaintiffs and those similarly situated, a capacity and function not identified in any of the Judicial Canons; nor outlined in the Constitution; nor legislated from Congress or the State Legislature. Keeping the public safe from themselves removes individual choice and personal consequences; a duty not granted to the Judiciary.[2]

This action arises out of the Defendants' conspiracy to deprive Plaintiffs of inherent, sacred, and inviolable rights absent of due process and target them for harassment with the Judiciary. These rights include, but are not limited to, the right to access the courts; the right to

---

[1] Bradley v. Fisher  U.S. 3351871 WL 1473720 L.Ed. 64613 Wall. 335

[2]"The right of personal security consists in a person's legal and uninterrupted enjoyment of his life, his limbs, his body, his health, and his reputation." William Blackstone and the Ninth Amendment

be safe and secure in your own person's papers and effects from

unwarranted search and seizure; freedom of religion; and the exclusive

enjoyment, use, and disposal of property exclusive to the Plaintiffs.

These inherent and sacred rights incorporate both personal autonomy

and the freedom to exercise religious beliefs independently of anyone

else.

This action also arises out of the Defendants' conspiracy to harass

and deny equal enjoyment and access to places of public accommodation

by color of law, and the Defendants' conspiracy to violate inviolable

privacy rights of the Plaintiffs, which is protected by Title II of the *Civil*

*Rights Act of 1964* and the *Privacy Rights Act of 1974* respectively;

Further these state actor violations are subject to liability under Title

**42 § 1985, and 42 § 2000(a)** among others.

The causes of action brought are **(1)** Violation of

**Constitutionally Protected Rights -Bivens Claim** ROA.221 (due

process, equal protection clause, **First, Fourth, Fifth, Ninth, and**

**Fourteenth Amendments**), **(2)** Violation of **42 U.S.C. § 1985**,

ROA.226 **(3)** common law conspiracy, ROA.229 **(4)** Violation of **42**

**U.S.C. § 2000(a)** Discrimination, and the grossly negligent infliction of emotional stress. ROA.231

## STATEMENT OF THE CASE

Appellants brought civil rights claims against federal officers, court security personnel, and private contractors (Walden Security), alleging unconstitutional mask and vaccination mandates at the Russell B. Long Federal Courthouse. The suit included claims under the First, Fourth, and Fourteenth Amendments, as well as under 42 U.S.C. § 1983, 1985(3), and 2000a.

The district court granted Defendants' motions to dismiss ROA.1156 (Docs. 50, ROA.620 57, ROA.660 60 ROA.684 ), citing judicial and derivative immunity, failure to state a claim, and lack of jurisdiction under the Federal Tort Claims Act (FTCA) due to lack of exhaustion.

Further, the court denied multiple injunctions filed by the Plaintiffs for relief from harassment and unequal treatment. ROA.176 ROA.418 ROA.420 ROA.482

Plaintiffs appealed. A prior appeal was dismissed for lack of timeliness because Judge Hicks refused to comply with FRCP Rule 52, ROA.609 ROA.937 but a corrected and timely appeal was filed on April 1, 2025.

## SUMMARY OF THE ARGUMENT

The district court erred in multiple respects:

1.    It extended judicial and derivative immunity beyond appropriate boundaries, insulating conduct not protected by law. ROA.1156

2.    It mischaracterized the basis of Plaintiffs' claims, treating facially plausible constitutional violations as mere policy disagreements.

3.    It failed to address key factual disputes and Federal Questions ROA.29 and disallowed for the development of the evidentiary record.

4.    It improperly treated security personnel and federal contractors as immune actors, despite operating under administrative—not judicial—authority.

5.    The District Court ignored Plaintiff's Motion for Summary Judgement ROA.1055

# STANDARD OF REVIEW

A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Generally, the findings of fact made in the lower court shall not be set aside on appeal unless they are clearly erroneous.  In Ragland Inv. Co. v. Commissioner, 435 F.2d 118 (6th Cir. 1970)

This Court reviews a grant of summary judgment de novo, "applying the same standard as the district court." Am. Family Life Assur. Co. v. Biles, 714 F.3d 887, 895 (5th Cir. 2013). ROA.1055 Courts must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a).** Here, the material facts are essentially undisputed. Appellants and Appellees have only the facts presented by the Plaintiff, as the defense has offered no affidavits, no evidence, and no facts for the record.

# ARGUMENT

## I.   DENIAL OF CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW

The Plaintiffs' central claim is that their constitutionally protected rights—specifically those under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments— **ROA.48** were violated by the enforcement of COVID-related administrative orders issued by Chief Judge Shelly D. Dick and implemented by court security, U.S. Marshals, and private contractors such as Walden Security. These rights include the freedom of religion, freedom of expression, bodily autonomy, and access to the courts.

Contrary to the district court's ruling, these administrative mandates were not "judicial acts" protected by absolute immunity. They were generalized policies of public control—like requiring masking or proof of vaccination—that applied to all courthouse entrants regardless of whether they were litigants, jurors, or merely visitors. **ROA.138**

Plaintiffs argue that these mandates created a "religious test" by forcing compliance with what amounts to a belief system—dubbed satirically and pointedly by Plaintiffs as the ideology of the "Branch

Covidians." While perhaps colorful, the claim is constitutionally serious.

Forced participation in government-prescribed health practices that

contradict an individual's religious or philosophical beliefs—without

narrow tailoring or compelling interest—violates *Employment Div. v.*

*Smith*, 494 U.S. 872 (1990), and *Church of the Lukumi Babalu Aye v.*

*City of Hialeah*, 508 U.S. 520 (1993).

Moreover, access to the courts is a *fundamental right* under the First

Amendment **and protected by the Louisiana Constitution**.

Plaintiffs were physically excluded unless they submitted to medical or

symbolic conditions. The orders thus operated as a prior restraint on

speech and as a constructive denial of due process, particularly for pro

se litigants for whom physical access to court facilities is essential

**largely due to the 'special rights' granted to BAR members**.

## II.    IMPROPER DISMISSAL UNDER RULE 12(b)(1) AND 12(b)(6)

The district court granted dismissal under both Rule 12(b)(1) (lack of

jurisdiction) and 12(b)(6) (failure to state a claim). These dismissals

were erroneous for the following reasons: **ROA.1156**

## 1. Rule 12(b)(1): Misapplication of Sovereign Immunity and FTCA Bar

The court dismissed tort claims against the United States for lack of jurisdiction, citing failure to exhaust administrative remedies under the Federal Tort Claims Act (FTCA). However, this overlooks that the Plaintiffs brought claims primarily under the Constitution and statutes such as 42 U.S.C. § 1983, 1985(3), and 2000a—not merely as common-law torts. Constitutional violations committed under color of federal authority are actionable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), albeit with limitations **that do not apply here**. **ROA.221**

The court also failed to analyze whether exhaustion under the FTCA even applies to claims against individual-capacity defendants or private contractors. It does not.

## 2. Rule 12(b)(6): Failure to Give Due Deference to Pro Se Litigants

Plaintiffs' complaint and supplemental filings were held to the highest standard of formal pleading, contrary to *Haines v. Kerner*, 404

U.S. 519 (1972), and *Perez v. United States*, 312 F.3d 191 (5th Cir. 2002). The district court's cursory analysis did not engage with the substantial factual allegations that—taken as true—would establish violations of constitutional rights.

The court also failed to address the Plaintiffs' extensive documentation of disparate COVID policies across federal districts (e.g., Exhibit U2–U4), **ROA.447 – ROA.455** which underscores the arbitrary and capricious nature of the orders and supports their equal protection claim.

## III.   <u>**JUDICIAL AND DERIVITIVE IMMUNITY MISAPPLIED**</u>

Judicial immunity protects judges only when they act within the scope of their judicial authority. **ROA.714** As the Supreme Court made clear in *Forrester v. White*, 484 U.S. 219 (1988), "administrative" or "executive" acts—even when performed by judges—do not enjoy absolute immunity. Issuing courthouse-wide administrative health orders, especially ones involving no individualized adjudication or case-specific ruling, falls outside the core judicial function. Even if Judge Dick's orders were cloaked in her robe of office, enforcing health mandates absent case-related necessity is administrative. The

enforcement of such policies—particularly when delegated to court

security personnel and contractors—is even more remote from judicial

adjudication. Derivative immunity claimed by Walden Security fails as

well. Under *Filarsky v. Delia*, 566 U.S. 377 (2012), private actors may

receive qualified immunity in narrow contexts when closely supervised

by government officials. However, this is not absolute. In *Richardson v.

McKnight*, 521 U.S. 399 (1997), the Supreme Court denied qualified

immunity to prison guards employed by a private firm. Similarly,

Walden was not executing judicial rulings but enforcing administrative

policies based on ambiguous, **arbitrary, capricious, and** discretionary

interpretation. They are not entitled to blanket immunity.

## IV.   DENIAL OF ACCESS AND FIRST AMENDMENT RIGHTS

The mask and vaccine mandates operated not just as public health

protocols, but as conditions on *access to justice*. For Plaintiffs, this

amounted to compelled speech (by wearing a symbol they oppose),

compelled association (with ideological narratives about safety), and

denial of the right to petition the government.

In *W. Va. Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943), the Court held

that government cannot compel individuals to salute the flag or recite

patriotic oaths. Analogously, government cannot compel Plaintiffs to wear a mask—a symbol they believe constitutes coerced ideological speech.

Further, Plaintiffs were denied *equal access* to a public facility—a courthouse—based on non-legislated, non-uniform administrative orders. This implicates Title II of the Civil Rights Act of 1964 (42 U.S.C. § 2000(a)), which guarantees equal access to public accommodations regardless of protected class. Although the district court held that a courthouse is not a public accommodation under the statute, this is a factual and legal question that deserved further development, especially given the government's use of third-party private actors in public-facing roles**, and further the Plaintiffs make a good case for why this particular courthouse IS a place of public accommodation. ROA.851 ROA.887**

## V.   <u>PROCEDURAL IRREGULARITIES AND NOTICE FAILURES</u>

Finally, the district court's dismissal occurred under procedurally irregular conditions that prejudiced Plaintiffs:

1.    The Clerk of Court admitted inconsistencies in the mailing and recording of motion settings and deadlines. ROA.655 ROA.683

ROA.743 Plaintiff's entire 'Motion for Clarification' succinctly lays out monkey business that has occurred with the Clerk's office during the course of this case that resulted in Plaintiffs being the FIRST EVER pro se with e-filing privileges in the Middle District of Louisiana. ROA.927 ROA.930 Also, see Plaintiff Brown's Intimidation Tactics Affidavit. ROA.877

2.    Plaintiffs raised timely objections to the notice failures but were ignored, and no corrective procedural relief was offered. ROA.930

3.    The Defendants' counsel relied upon a vacated or non-precedential case (*Coombs v. United States*) that had been dismissed for IFP issues and had no ruling on the merits. This citation was used misleadingly to support judicial immunity, raising serious ethical concerns about candor to the court. ROA.821 ROA.825 ROA.1155

Under *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 486 (5th Cir. 2003), dismissal with prejudice is a severe sanction and should only be used when lesser sanctions are unavailable. Here, Plaintiffs were not even

permitted leave to amend, nor was there an evidentiary hearing on disputed jurisdictional facts.

# CONCLUSION

The district court's dismissal of Plaintiffs' claims with prejudice was premature, unsupported by proper factual development, and based on misapplied legal standards. Appellants respectfully request that the Fifth Circuit:

1. Reverse the dismissals;

2. Remand for discovery and further proceedings;

3. Clarify the limits of derivative and judicial immunity in the context of administrative courthouse policies

Respectfully submitted,

_____

s/Howard Gary Brown, *Pro Se*

# CERTIFICATE OF SERVICE

I certify that on May 29, 2025, I filed a true and correct copy of the foregoing proposed sufficient brief via the Court's electronic filing system, which will automatically serve a copy on all parties' registered counsel.

**AUSA Katherine Green**
777 Florida Street
Suite 208
Baton Rouge, LA 70801

**Elizabeth Bailly Bloch**
4605 Bluebonnet Boulevard
Suite A
Baton Rouge, LA 70809

**AUSA Karen King**
800 Lafayette Street
Suite 2200
Lafayette, LA 70501

**Justin Furrow**
**Chambliss, Bahner &**
**Stophel, P.C.**
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450

**Christine S. Keenan**
**The Kullman Firm**
4605 Bluebonnet Blvd
Suite A
Baton Rouge, LA 80809

**US Attorney Chase Evan**
**Zachary**
**U.S. Attorney's Office**
**Civil Division**
777 Florida Street
Suite 208
Baton Rouge, LA 70801

_____

s/Howard Gary Brown, *Pro se*

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.2.7(c), the undersigned certifies this brief complies with the type-volume limitations of 5th Cir. R. 32.2.7(b).

1. Exclusive of the exempted portions in 5th Cir. R. 32.2.7(b)(3), the brief contains: 3954 words in proportionally spaced typeface of Century Schoolbook 14 point.

2. If the Court so requires, the undersigned will provide an electronic version of the brief and/or a copy of the word or line printout.

3. The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R. 32.2.7, may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

Respectfully Submitted,

_____
s/Howard Gary Brown, *Pro se*