No. 25-30209

_____

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

Brandon Albert Sibley; Howard Gary Brown; Melanie Jerusalem,

*Plaintiffs – Appellants*

v.

Shelly D. Dick, in both Individual & Official Administrative Capacity; William Brown, United States Marshall, in both Individual & Official capacity; Jeff B., United States Marshal, in both his Individual and & Official Capacity; Merrick Garland, U.S. Attorney General, In his official capacity; Ronald L. Davis, in his official capacity as Director, United States Marshals Service; Metropolitan Security Services, Incorporated, also known as Walden Security; Michael Attaway, in both Individual & Official capacity; Jeff Bowie, United States Marshal, in both his Individual & Official Capacity,

*Defendants – Appellees*

_____

Appeal from the United States District Court
for the Middle District of Louisiana
Civil Case No. 3:23-CV-24-SMH-CBW

_____

**BRIEF OF DEFENDANTS-APPELLEES MICHAEL ATTAWAY, JEFF BOWIE, WILLIAM BROWN, RONALD DAVIS, AND MERRICK GARLAND**

_____

*Counsel Listed on Inside Cover*

ELLISON C. TRAVIS
*Acting United States Attorney*

CHASE E. ZACHARY
KATHERINE K. GREEN
*Assistant United States Attorneys*
United States Attorney's Office
Middle District of Louisiana
451 Florida Street, Suite 300
Baton Rouge, Louisiana 70801
(225) 389-0443
chase.zachary@usdoj.gov
katherine.green@usdoj.gov

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Plaintiffs-Appellants**

   Brandon Albert Sibley (pro se)

   Howard Gary Brown (pro se)

   Melanie Jerusalem (pro se)

2. **Defendants-Appellees**

   Chief U.S. District Judge Shelly D. Dick, Middle District of Louisiana

   U.S. Marshal William Brown

   U.S. Attorney General Merrick Garland[1]

   Director Ronald L. Davis, U.S. Marshals Service[2]

---

[1] Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Pamela Bondi is automatically substituted as a Defendant-Appellee in these proceedings as the successor to former Attorney General Merrick B. Garland.

[2] Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Director Gadyaces S. Serralta is automatically substituted as a

Metropolitan Security Services, Inc. d/b/a Walden Security

Supervisory Deputy U.S. Marshal Michael Attaway

Deputy U.S. Marshal Jeff Bowie

Jeff B., an unidentified Defendant-Appellee

3.  **<u>Counsel for Defendants-Appellees</u>**

Chase Evan Zachary, Assistant U.S. Attorney, Middle District of Louisiana

Katherine Krupa Green, Assistant U.S. Attorney, Middle District of Louisiana

U.S. Attorney's Office for the Middle District of Louisiana

Karen Julian King, Assistant U.S. Attorney, Western District of Louisiana

U.S. Attorney's Office for the Western District of Louisiana

Justin Lewis Furrow, Chambliss, Bahner & Stophel, P.C.

Nathan Lee Kinard, Chambliss, Bahner & Stophel, P.C.

Elizabeth Bailly Bloch, Kullman Firm

Christine S. Keenan, Kullman Firm

---

Defendant-Appellee in these proceedings as the successor to former U.S. Marshals Service Director Ronald L. Davis.

Respectfully submitted this 8th day of August, 2025.

/s/ Chase E. Zachary

CHASE E. ZACHARY
Assistant United States Attorney

*Attorney of Record for Defendants-Appellees U.S. Marshal William Brown, in his official and individual capacities; Deputy U.S. Marshal Jeff Bowie, in his official and individual capacities; Supervisory Deputy U.S. Marshal Michael Attaway, in his official and individual capacities; U.S. Attorney General Merrick Garland and his successor-in-interest, in their official capacity; and Director Ronald L. Davis of the United States Marshals Service and his successor-in-interest, in their official capacity*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument is unnecessary in this appeal from the district court's judgment and order granting the Defendants-Appellees' motions to dismiss. The facts and legal arguments are adequately presented in the briefs and the record, and oral argument would not significantly aid the Court's decision-making process.

# TABLE OF CONTENTS

**Page No.**

CERTIFICATE OF INTERESTED PERSONS ..........................................i

STATEMENT REGARDING ORAL ARGUMENT .................................iv

TABLE OF CONTENTS ..........................................................................v

TABLE OF AUTHORITIES ................................................................vii

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF THE ISSUES ..............................................................3

STATEMENT OF THE CASE ..................................................................5

SUMMARY OF THE ARGUMENT ........................................................9

ARGUMENT ..........................................................................................11

      I.     Standard of Review ..............................................................11

      II.    Plaintiffs-Appellants Have Forfeited Numerous Issues ......12

      III.   Judicial or Derivative Immunity Is Not Currently in Dispute for the Marshal Appellees ....................................................16

      IV.   Plaintiffs-Appellants Have Failed to Allege a Plausible Title II Violation ..........................................................................18

      V.    Plaintiffs-Appellants Have No Right to Discovery Before Resolution of the Marshal Appellees' Motion to Dismiss .....21

      VI.   Harmless Error Applies to Any Alleged Procedural Irregularities ........................................................................22

CONCLUSION .......................................................................................25

CERTIFICATE OF SERVICE ...............................................................26

CERTIFICATE OF COMPLIANCE.......................................................27

# TABLE OF AUTHORITIES

**Page No.**

## Cases

*Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med., ABIM,*
103 F.4th 383 (5th Cir. 2024) ............................................................. 17

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*
403 U.S. 388 (1971) ................................................................... 7

*Broussard v. United States,*
52 F.4th 227 (5th Cir. 2022) ............................................................. 15

*Carmona v. City of Brownsville,*
126 F.4th 1091 (5th Cir. 2025) .......................................................... 11

*Carswell v. Camp,*
54 F.4th 307 (5th Cir. 2022) .................................................... 8, 11, 22

*Chandler v. Pay-n-Save, Inc.,*
No. 21-1228 KG/SCY, 2022 WL 4016807 (D.N.M. Sept. 2, 2022) ....... 21

*Coleman v. United States,*
912 F.3d 824 (5th Cir. 2019) ............................................................. 13

*Ctr. for Biological Diversity v. EPA,*
937 F.3d 533 (5th Cir. 2019) ............................................................. 16

*Davila v. United States,*
713 F.3d 248 (5th Cir. 2013) ............................................................. 12

*Kovac v. Wray,*
109 F.4th 331 (5th Cir. 2024) ............................................................ 19

*Mack v. Alexander,*
575 F.2d 488 (5th Cir. 1978) ............................................................. 16

vii

*Miller v. Thaler*,
   434 F. App'x 420 (5th Cir. 2011) .........................................................24

*Molina v. Home Depot USA, Inc.*,
   20 F.4th 166 (5th Cir. 2021) ................................................................24

*Muhammad v. Bethel-Muhammad*,
   No. 11-0690-WS-B, 2013 WL 5531397 (S.D. Ala. Oct. 7, 2013) .... 10, 20

*Nunez v. Allstate Ins. Co.*,
   604 F.3d 840 (5th Cir. 2010) ..........................................................11, 23

*Olague v. Cnty. of Sacramento*,
   No. 2:11-cv-331-LKK-EFB PS, 2012 WL 3638320 (E.D. Cal. Aug. 21,
   2012) .................................................................................................20

*Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*,
   655 F.3d 358 (5th Cir. 2011) ..................................................... 10, 17, 18

*Poor & Minority Just. Ass'n v. Chief Judge, Tenth Jud. Cir. Ct. of Fla.*,
   No. 8:19-cv-2889-T-02TGW, 2020 WL 3286140 (M.D. Fla. Mar. 27,
   2020) ..........................................................................................11, 19

*Rollins v. Home Depot USA*,
   8 F.4th 393 (5th Cir. 2021) ..................................................................10

*Shambaugh & Son, L.P. v. Steadfast Ins. Co.*,
   91 F.4th 364 (5th Cir. 2024) ................................................................13

*Sw. Airlines Pilots Ass'n v. Sw. Airlines Co.*,
   120 F.4th 474 (5th Cir. 2024) ..............................................................12

*United States v. Colomb*,
   419 F.3d 292 (5th Cir. 2005) ................................................................24

*United States v. Cooper*,
   979 F.3d 1084 (5th Cir. 2020) ..............................................................12

*United States v. Herrera-Ochoa*,
   245 F.3d 495 (5th Cir. 2001) ..................................................................6

*United States v. Quintanilla,*
    114 F.4th 453 (5th Cir. 2024)................................................. 13, 14, 16

*Utah v. Su,*
    109 F.4th 313 (5th Cir. 2024)................................................. 17

*Wages & White Lion Invs., L.L.C. v. FDA,*
    16 F.4th 1130 (5th Cir. 2021)................................................ 15

## **Statutes**

28 U.S.C. § 1291 .................................................................. 1

28 U.S.C. § 1331 .................................................................. 1

28 U.S.C. § 1346(b)(1)........................................................... 1

28 U.S.C. § 2679(b)(1)........................................................... 15

28 U.S.C. § 2679(d)(1)........................................................... 15

42 U.S.C. § 1983 .................................................................. 14

42 U.S.C. § 1985 ................................................3, 7, 8, 9, 10, 13, 14, 16, 17

42 U.S.C. § 2000a ...........................................3, 7, 8, 9, 10, 14, 17, 18, 19, 20, 21

## **Rules**

Fed. R. App. P. 4(a)(1)(B) ....................................................... 1

Fed. R. App. P. 28(a)............................................................ 12

Fed. R. App. P. 28(a)(4) ......................................................... 1

Fed. R. App. P. 43(c)(2)......................................................... 7

Fed. R. Evid. 201(b) ............................................................. 6

## <u>Other Authorities</u>

*Orders*, https://www.lamd.uscourts.gov/orders-public (last visited June 30, 2025) ...................................................................................................6

## JURISDICTIONAL STATEMENT

In accordance with Rule 28(a)(4)(A)-(D) of the Federal Rules of Appellate Procedure, the Court has jurisdiction over this appeal based on the following:

1.    Subject to the Defendants-Appellees' arguments that the Plaintiffs-Appellants' injunctive and declaratory relief claims are moot and that certain claims are barred by the United States' sovereign immunity, the district court properly exercised subject-matter jurisdiction over the claims in this proceeding pursuant to 28 U.S.C. §§ 1331, 1346(b)(1) because the Plaintiffs-Appellants' claims arise under federal law and the Constitution or are state-law tort claims asserted against federal officers and employees for injury or loss based on alleged negligent or wrongful acts committed while those federal officers or employees were acting within the scope of their office or employment.

2.    The Court has jurisdiction under 28 U.S.C. § 1291 because this appeal is taken from the March 13, 2025 final judgment of the district court.

3.    The Plaintiffs-Appellants' *Amended Notice of Appeal* was filed on April 2, 2025, and is timely under Rule 4(a)(1)(B).

4.    The district court's March 13, 2025 judgment, read in conjunction with its March 12, 2025 order granting the motions to dismiss of Defendants-Appellees Shelly D. Dick and Metropolitan Security Services, Inc. d/b/a Walden Security, is a final judgment that disposes of all parties' claims.

## STATEMENT OF THE ISSUES

1.     Have Plaintiffs-Appellants forfeited any arguments challenging the district court's findings that (a) Plaintiffs-Appellants' injunctive and declaratory relief claims are moot; (b) Plaintiffs-Appellants' *Bivens* claims involve a new context, and special factors counsel against recognizing a *Bivens* remedy; (c) Plaintiffs-Appellants' claims under 42 U.S.C. § 1985 are foreclosed by Fifth Circuit precedents; and (d) the district court lacked jurisdiction over Plaintiffs-Appellants' state law tort claims based on sovereign immunity, the Federal Tort Claims Act, and the Westfall Act?

2.     Should the Court address the issue of judicial or derivative immunity for the Marshal Appellees even though that issue was not presented to or ruled on by the district court?

3.     Did the district court correctly find that the federal courthouse in Baton Rouge, Louisiana, is not a place of public accommodation for which Plaintiffs-Appellants could state a plausible claim for liability under 42 U.S.C. § 2000a?

4.     Did the district court abuse its discretion by ruling on the Defendants-Appellees' motions to dismiss prior to allowing discovery?

3

5. Do any of Plaintiffs-Appellants' alleged "procedural irregularities" by the district court amount to an abuse of discretion or more than harmless error?

## **STATEMENT OF THE CASE**

In response to the COVID-19 pandemic, on June 30, 2020, Chief U.S. District Judge Shelly D. Dick issued Administrative Order No. 2020-8, which in relevant part required "[a]ll employees and persons having business in the Russell B. Long Courthouse and Federal Building" in Baton Rouge, Louisiana, "to wear masks when in any public space in the buildings, . . . [to] observe social distancing, and . . . [to] observe all posted signs and placards." ROA.352. Once COVID-19 vaccines became available, Chief Judge Dick later superseded this order through Administrative Order No. 2022-3, which noted that "fully-vaccinated individuals are no longer required to wear a mask within the Russell B. Long Federal Building and United States Courthouse and the U.S. Bankruptcy Court . . . ." ROA.355 (effective March 15, 2022) (footnote omitted). However, that order required that, "[i]n order to unmask, individuals having business in the Courthouses must provide proof of vaccination upon entry." ROA.355. Individuals lacking proof of vaccination or who were not fully vaccinated remained obligated to "wear a mask at all times in the Courthouses." ROA.355-56.

On March 29, 2023, through Administrative Order No. 2023-2, Chief Judge Dick rescinded all masking and vaccination requirements for entry into the federal courthouse in Baton Rouge. ROA.454 ("[E]ntrants to the Russell B. Long Federal Building and United States Courthouse and the U.S. Bankruptcy Court . . . are no longer required to wear a mask, regardless of vaccination status."). And that situation remains true today.[3]

Plaintiffs-Appellants Howard G. Brown, Brandon Sibley, and Melanie Jerusalem[4] commenced this action on January 17, 2023, and amended their complaint on March 29, 2023. *See* ROA.21-107 (Complaint); ROA.297-407 (Amended Complaint). Therein, they assert a multitude of constitutional and state-law tort claims against Chief Judge Dick, federal officials from the U.S. Marshals Service, and Metropolitan

---

[3] All current and prior Administrative Orders for the U.S. District Court for the Middle District of Louisiana are publicly available on the court's website. *See Orders*, https://www.lamd.uscourts.gov/orders-public (last visited June 30, 2025). Although the pertinent orders are in the record, the Court may also take judicial notice of them under Rule 201(b) of the Federal Rules of Evidence. *See United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001) ("An appellate court may take judicial notice of facts, even if such facts were not noticed by the trial court.").

[4] The Marshal Appellees will refer to Mr. Brown, Ms. Jerusalem, and Mr. Sibley collectively as the "Plaintiffs-Appellants" and to their filed brief as "Pls.' Br."

Security Services, Inc., which contracts with the federal government to provide security services at the federal courthouse. In particular, Plaintiffs-Appellants assert claims for (1) damages under *Bivens*[5] and injunctive and declaratory relief for alleged violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution; (2) violations of 42 U.S.C. § 1985; (3) common law conspiracy; (4) denial of service at a place of public accommodation in violation of Title II of the Civil Rights Act, 42 U.S.C. § 2000a; and (5) negligent infliction of emotional distress. ROA.333-46.

On June 12, 2023, the Marshal Appellees[6] filed their *Rule 12(b)(1), (6) Motion to Dismiss*. ROA.684-708. Therein, the Marshal Appellees argued (a) the issuance of Administrative Order No. 2023-2 mooted Plaintiffs-Appellants' claims for injunctive and declaratory relief,

---

[5] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[6] The term "Marshal Appellees" refers to the following parties and their successors-in-interest under Rule 43(c)(2) of the Federal Rules of Appellate Procedure: U.S. Marshal William Brown, in his official and individual capacities; Deputy U.S. Marshal Jeff Bowie, in his official and individual capacities; Supervisory Deputy U.S. Marshal Michael Attaway, in his official and individual capacities; U.S. Attorney General Merrick Garland, in his official capacity; and Director Ronald L. Davis of the United States Marshals Service, in his official capacity.

ROA.691-95; (b) Plaintiffs-Appellants' *Bivens* claims raised a new context for which special factors counseled against recognizing a remedy, ROA.696-700; (c) the Marshal Appellees were entitled to qualified immunity, ROA.700-02; (d) Fifth Circuit precedents foreclosed any claim under 42 U.S.C. § 1985, ROA.702-04; (e) Plaintiffs-Appellants failed to state a viable claim under 42 U.S.C. § 2000a, ROA.704-06; and (f) the United States' sovereign immunity and the Westfall Act foreclosed Plaintiffs-Appellants' remaining state law claims, ROA.706-07. Plaintiffs-Appellants then filed their opposition on June 22, 2023, ROA.830-87, and the Marshal Appellees filed a reply on June 27, 2023, ROA.888-94.

While the Marshal Appellees' motion to dismiss was pending, the district court granted a separate *Motion to Stay Discovery* on December 4, 2023. ROA.1053-54. Citing the Fifth Circuit's decision in *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022), the district court observed that "discovery should not be permitted when a public official has asserted an immunity defense . . . ." ROA.1053.

On March 13, 2025, the district court entered a *Memorandum Ruling* and *Judgment* granting the Marshal Appellees' motion to dismiss.

ROA.1161-77. The court found that (1) sovereign immunity barred
Plaintiffs-Appellants' claims against the Marshal Appellees in their
official capacities, ROA.1167-68; (2) Plaintiffs-Appellants' declaratory
and injunctive relief claims were moot, ROA.1168-71; (3) Plaintiffs-
Appellants had no cognizable remedy under *Bivens*, ROA.1171-72;
(4) Fifth Circuit precedents barred Plaintiffs-Appellants' claims under 42
U.S.C. § 1985, ROA.1173; (5) Plaintiffs-Appellants lacked a plausible
claim for relief under 42 U.S.C. § 2000a, ROA.1173-74; and (6) because
Plaintiffs-Appellants had not raised their state law claims under the
Federal Tort Claims Act or exhausted administrative remedies under the
act, the Court lacked jurisdiction over those claims, ROA.1174-75. The
district court therefore dismissed all claims against the Marshal
Appellees. ROA.1177.

Plaintiffs-Appellants timely filed their notice of appeal on April 1,
2025. ROA.1180.

## SUMMARY OF THE ARGUMENT

In their brief, Plaintiffs-Appellants do not challenge or otherwise
develop any argument regarding (1) whether their declaratory and
injunctive relief claims are moot; (2) whether they have any available

9

remedy under *Bivens* for their alleged constitutional violations; (3) whether they could state a plausible claim under 42 U.S.C. § 1985; and (4) whether the district court could assert jurisdiction over their state-law tort claims consistent with the Federal Tort Claims Act and the Westfall Act. All of those arguments are therefore forfeited, and the Court need not consider them. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal.").

Plaintiffs-Appellants' arguments regarding judicial and derivative immunity are likewise inapposite because the Marshal Appellees never raised, and the district court never ruled on, that issue below. So there's no reason for the Court to consider it on appeal. *See Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 361 (5th Cir. 2011) ("We do not consider arguments on appeal not presented to the district court.").

And although Plaintiffs-Appellants make a cursory argument regarding the applicability of 42 U.S.C. § 2000a, their position is otherwise contrary to the text of the statute and the weight of authority. *Cf. Muhammad v. Bethel-Muhammad*, No. 11-0690-WS-B, 2013 WL 5531397, at *5 (S.D. Ala. Oct. 7, 2013) (finding that a courthouse is not a

10

place of public accommodation); *Poor & Minority Just. Ass'n v. Chief Judge, Tenth Jud. Cir. Ct. of Fla.*, No. 8:19-cv-2889-T-02TGW, 2020 WL 3286140, at *3 (M.D. Fla. Mar. 27, 2020) (same).

Finally, Plaintiffs-Appellants' argument regarding the lack of discovery is foreclosed by *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022), and they otherwise fail to explain how any of the purported "procedural irregularities" before the district court prejudiced them or amounted to more than harmless error. *Cf. Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 844 (5th Cir. 2010) (noting that a "ruling will be reversed only if it affected the substantial rights of the complaining party"). The Marshal Appellees therefore request that the judgment of the district court be affirmed.

## ARGUMENT

### I.     Standard of Review

"A district court's decision on a Rule 12(b)(6) motion is reviewed *de novo*, accept[ing] all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Carmona v. City of Brownsville*, 126 F.4th 1091, 1096 (5th Cir. 2025) (citation and internal quotation marks omitted) (alteration in original). The same *de novo*

standard applies to the review of a district court's ruling on a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *Sw. Airlines Pilots Ass'n v. Sw. Airlines Co.*, 120 F.4th 474, 481 (5th Cir. 2024). The Court reviews a district court's order to stay discovery pending resolution of a dispositive motion for abuse of discretion. *See Davila v. United States*, 713 F.3d 248, 263-64 (5th Cir. 2013).

## II. Plaintiffs-Appellants Have Forfeited Numerous Issues

In its ruling on the Marshal Appellees' motion to dismiss, the district court made detailed legal rulings on each of Plaintiffs-Appellants' claims. However, Plaintiffs-Appellants challenge practically none of those determinations on appeal. Based on this failure to challenge the legal rulings, Plaintiffs-Appellants have forfeited such arguments, and the district court's judgment should be affirmed.

Rule 28(a) requires an appellant's brief to include "a statement of the issues presented for review" and "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . ." And the Court has admonished that "failure to adequately brief an issue on appeal constitutes forfeiture of that argument." *United States v. Cooper*, 979 F.3d 1084, 1091 (5th Cir.

12

2020) (citing *Coleman v. United States*, 912 F.3d 824, 836 n.14 (5th Cir. 2019)).[7] That rule applies both when "a party lists [an] argument as one of the issues presented for review but does not make any argument specifically tailored to [the] claim" and when "a party fails to list an issue presented in his or her statement of the issues, . . . even if he or she raises the issue in the body of the brief." *United States v. Quintanilla*, 114 F.4th 453, 464 (5th Cir. 2024) (alterations in original) (citation and internal quotation marks omitted).

In its ruling on the Marshal Appellees' motion to dismiss, the district court found that (1) claims against the U.S. Marshals Service and all official capacity claims are barred by the United States' sovereign immunity, ROA.1167-68; (2) Plaintiffs-Appellants' claims for declaratory and injunctive relief are moot, ROA.1168-71; (3) Plaintiffs-Appellants have no cognizable *Bivens* claims against Marshal Brown, Deputy Bowie, or Deputy Attaway, ROA.1171-72; (4) Plaintiffs-Appellants' claims under 42 U.S.C. § 1985 are foreclosed by Fifth Circuit precedents, ROA.1173;

---

[7] The Fifth Circuit distinguishes between "waiver" and "forfeiture." "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 n.3 (5th Cir. 2024) (citation and internal quotation marks omitted).

(5) Plaintiffs-Appellants have failed to state a plausible claim for relief under 42 U.S.C. § 2000a, ROA.1173-74; and (6) Plaintiffs-Appellants' state law claims have not been administratively exhausted under the Federal Tort Claims Act and are otherwise barred by the Westfall Act, ROA.1174-75.

Yet Plaintiffs-Appellants do not challenge any of these determinations in the statement of the issues in their brief. *See* Pls.' Br. 3-4. On that basis alone, the issues are forfeited. *See Quintanilla*, 114 F.4th at 464. And Plaintiffs-Appellants only mention some—not all—of these issues in a cursory fashion within their argument. *See* Pls.' Br. 16 (averring without discussion that "the Plaintiffs brought claims primarily under the Constitution and statutes such as 42 U.S.C. § 1983, 1985(3), and 2000a—not merely as common-law torts," that "[c]onstitutional violations committed under color of federal authority are actionable under" *Bivens*, "albeit with limitations that do not apply here," and that exhaustion under the FTCA "does not" apply (emphasis omitted)); *id.* at 19 (asserting without analysis that "Plaintiffs make a good case for why this particular courthouse IS a place of public accommodation" (emphasis omitted)).

14

Such conclusory allegations are insufficient to avoid forfeiture. *See Wages & White Lion Invs., L.L.C. v. FDA*, 16 F.4th 1130, 1142-43 (5th Cir. 2021) ("The FDA makes no developed argument contesting irreparable harm . . . [, s]o such arguments are forfeited."). In particular, Plaintiffs-Appellants do not explain how the district court erred in its findings that Plaintiffs-Appellants' *Bivens* claims raise a new context and that special factors counsel against recognizing a *Bivens* remedy. ROA.1171-72. And their assertion that the Federal Tort Claims Act's exhaustion requirement is inapplicable to individual-capacity defendants is wrong. The Federal Tort Claims Act "provides the 'exclusive' remedy for tort claims against the federal government and its employees." *Broussard v. United States*, 52 F.4th 227, 229 (5th Cir. 2022); *see also* 28 U.S.C. § 2679(b)(1). The Westfall Act likewise forecloses individual-capacity tort liability for federal employees acting within the scope of their employment. *See* 28 U.S.C. § 2679(d)(1) (requiring substitution of the United States as the defendant).

Further, Plaintiffs-Appellants do not even suggest a challenge to the district court's rulings on sovereign immunity, the failure to state a

claim under 42 U.S.C. § 1985, and mootness.[8] So all such issues have been forfeited. *Cf. Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 542 (5th Cir. 2019) (stating that "arguments in favor of jurisdiction[] can be forfeited or waived").

It is not the job of the Marshal Appellees to predict or develop Plaintiffs-Appellants' arguments on appeal. Nor is it the responsibility of the Court. *See Quintanilla*, 114 F.4th at 465 ("We will not use a scalpel to extract whatever latent independent arguments parties inconspicuously smuggle in."). Because Plaintiffs-Appellants have forfeited the central issues on appeal, the district court's judgment should be affirmed.

## III.  Judicial or Derivative Immunity Is Not Currently in Dispute for the Marshal Appellees

The bulk of Plaintiffs-Appellants' argument disputes the assertions of judicial and derivative immunity by Defendants-Appellees Chief Judge

---

[8] In particular, the district court determined that Plaintiffs-Appellants' claims against the Marshal Appellees in their official capacities are barred by sovereign immunity, ROA.1167-68, that *Mack v. Alexander*, 575 F.2d 488 (5th Cir. 1978), forecloses any claims under 42 U.S.C. § 1985 against federal officials, ROA.1173, and that the rescission in Administrative Order No. 2023-2 of all masking and vaccination requirements at the federal courthouse moots any claims for injunctive or declaratory relief, ROA.1168-71.

Dick and Walden Security. *See* Pls.' Br. 14, 17-18. But the district court's dismissal of claims against the Marshal Appellees did not invoke or rely upon judicial or derivative immunity. *See* ROA.1161-76. So this issue is irrelevant to Plaintiffs-Appellants' appeal of that ruling.

The Fifth Circuit "do[es] not consider arguments on appeal not presented to the district court." *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 361 (5th Cir. 2011); *see also Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med., ABIM*, 103 F.4th 383, 393 (5th Cir. 2024) (declining to address issues on appeal not considered by the district court). The reason is that "appellate courts generally sit as courts of review, not first view." *Utah v. Su*, 109 F.4th 313, 320 (5th Cir. 2024) (citation and internal quotation marks omitted).

As discussed above, the Marshal Appellees moved to dismiss Plaintiffs-Appellants' claims against them on numerous bases, including mootness; the lack of cognizable *Bivens* claims; qualified immunity; lack of plausible claims under 42 U.S.C. §§ 1985, 2000a; and lack of jurisdiction under the Federal Tort Claims Act and the Westfall Act. ROA.686-708. The district court's ruling granting the Marshal Appellees' motion to dismiss did not consider anything beyond these arguments.

17

ROA.1161-76. So the issue of judicial or derivative immunity for the Marshal Appellees has not been briefed or adjudicated by the district court, making appellate review of that issue premature. *Cf. Opelousas Gen. Hosp. Auth.*, 655 F.3d at 361.

Because Plaintiffs-Appellants' arguments regarding judicial and derivative immunity provide no basis for reversing the district court's dismissal of claims against the Marshal Appellees, the judgment of the district court should be affirmed.

## IV.  Plaintiffs-Appellants Have Failed to Allege a Plausible Title II Violation

In three sentences of their brief, Plaintiffs-Appellants challenge their purported denial of "equal access to a public facility—a courthouse," Pls.' Br. 19 (emphasis omitted), in alleged violation of Title II of the Civil Rights Act, 42 U.S.C. § 2000a, which prohibits discrimination or segregation in places of public accommodation. But Plaintiffs-Appellants fail to explain their "good case for why this particular courthouse IS a place of public accommodation." Pls.' Br. 19 (emphasis omitted). And their position is inconsistent with the statutory text. The district court's judgment should therefore be affirmed.

18

The Court's inquiry for statutory interpretation "begins with the statutory text, and ends there as well if the text is unambiguous." *Kovac v. Wray*, 109 F.4th 331, 335 (5th Cir. 2024) (citation and internal quotation marks omitted). As the district court noted, ROA.1173, Title II defines the term "public accommodation" to include:

(1)    any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;

(2)    any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3)    any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4)    any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).

Nowhere does this provision mention a courthouse. As other federal courts have recognized, Title II therefore does not apply to courthouses, foreclosing any Title II claim. *See Poor & Minority Just. Ass'n v. Chief*

*Judge, Tenth Jud. Cir. Ct. of Fla.*, No. 8:19-cv-2889-T-02TGW, 2020 WL 3286140, at *3 (M.D. Fla. Mar. 27, 2020) (dismissing a Title II count because "[c]ourthouses are not listed" as places of public accommodation); *Muhammad v. Bethel-Muhammad*, No. 11-0690-WS-B, 2013 WL 5531397, at *5 (S.D. Ala. Oct. 7, 2013) ("Because the Dallas County Courthouse is [] not a 'place of public accommodation' under Section 2000a, the plaintiff has no claim under that provision."); *Olague v. Cnty. of Sacramento*, No. 2:11-cv-331-LKK-EFB PS, 2012 WL 3638320, at *6 (E.D. Cal. Aug. 21, 2012) (dismissing claims because "courts are not within the purview of § 2000a").

Plaintiffs-Appellants do not dispute this analysis or cite any contrary authority. *See* Pls.' Br. 19. Rather, they refer obliquely to their observation of "a small commissary/lunchroom in the back of the courthouse on the 1st floor" and "vending machines" to suggest that the federal courthouse may qualify under 42 U.S.C. § 2000a(b)(2). *See* Pls.' Br. 19 (citing ROA.851 and ROA.887). But as the district court noted, Plaintiffs-Appellants failed to raise these allegations in their complaint. *See* ROA.1174 (stating that Plaintiffs-Appellants' complaint "may not be amended by their opposition brief"). Nor have Plaintiffs-Appellants

provided—either to the district court or on appeal—any legal authority for the proposition that tables and vending machines transform a federal courthouse into a "restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises . . . ." 42 U.S.C. § 2000a(b)(2). To the contrary, federal courts have found that selling food does not convert a retail establishment—even a food market—into a "facility principally engaged in selling food for consumption on the premises." *See Chandler v. Pay-n-Save, Inc.*, No. 21-1228 KG/SCY, 2022 WL 4016807, at *5 (D.N.M. Sept. 2, 2022) ("Accordingly, the Court finds that Lowe's Supermarket, as alleged, is a retail establishment not principally engaged in selling food for consumption on the premises and concludes that it is not covered by § 2000a.").

Plaintiffs-Appellants have failed to provide any compelling basis to overturn the district court's dismissal of their Title II claims. The district court's judgment should therefore be affirmed.

## V.    Plaintiffs-Appellants Have No Right to Discovery Before Resolution of the Marshal Appellees' Motion to Dismiss

Plaintiffs-Appellants' abbreviated challenge to the lack of discovery before the district court is misplaced and requires little in response.

*Cf.* Pls.' Br. 12. In their motion to dismiss, the Marshal Appellees raised the defense of qualified immunity. *See* ROA.700-02. And the law in the Fifth Circuit is that a district court "may not permit discovery—'cabined or otherwise'—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022). The district court expressly relied on *Carswell* when granting the Marshal Appellees' motion to stay discovery. ROA.1053-54. As a result, the district court did not abuse its discretion by relying on clearly established law to stay discovery. Plaintiffs-Appellants therefore fail to identify any reversible error by the district court on this issue.

## VI.  **Harmless Error Applies to Any Alleged Procedural Irregularities**

Plaintiffs-Appellants' remaining arguments concern alleged "procedural irregularities" before the district court. Pls.' Br. 19-21. But because they fail to explain how any such irregularities affected their substantial rights, the error (if any) is harmless.

Although left largely unexplained in their brief, Plaintiffs-Appellants appear to dispute the briefing schedules set forth by the district judge on the Defendants-Appellees' motions to dismiss and the

receipt of notifications from the district clerk. *See* Pls.' Br. 19 (mentioning undefined "inconsistencies in the mailing and recording of motion settings and deadlines" and citing ROA.655 and ROA.683); *id.* at 20 ("Plaintiffs raised timely objections to the notice failures but were ignored . . . ."). But the record is clear that Plaintiffs-Appellants were able to submit, and the district court considered, their briefs in opposition to the Marshal Appellees' motion to dismiss. *See* ROA.830-87; ROA.1161 (noting that the district court considered the Plaintiffs-Appellants' submissions).

In fact, although the district judge's *Notice of Motion Setting* and the applicable local rules allowed Plaintiffs-Appellants to file "a memorandum" in opposition to the motion to dismiss, *see* ROA.743, Plaintiffs-Appellants filed both a *Reply in Opposition to Doc. 60 Motion to Dismiss by USMS*, ROA.830-55, and a *Memorandum in Opposition to Doc. 60 Motion to Dismiss by USMS*, ROA.856-73. In total, Plaintiffs-Appellants were permitted forty-four (44) pages of briefing to respond to the Marshal Appellees' arguments. So it's unclear how, if at all, any such "procedural irregularities" affected Plaintiffs-Appellants' substantial rights. *See Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 844 (5th Cir. 2010)

(stating that a "ruling will be reversed only if it affected the substantial rights of the complaining party"); *cf. Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 170 (5th Cir. 2021) (disregarding a district court's "procedural error" as "harmless" where the plaintiff "was able to present his evidence before summary judgment was granted").

Further, "[a] district court has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (citation and internal quotation marks omitted); *cf. also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (finding no abuse of discretion by a district court where the petitioner did not "allege that he was prejudiced in any way by the modification in the briefing schedule"). And Plaintiffs-Appellants otherwise do not explain how the district court abused its discretion with its briefing schedules in this case. To the extent there is any error, it is harmless.[9]

---

[9] Plaintiffs-Appellants also dispute a legal citation in the briefing of another Defendant-Appellee. That argument does not pertain to the Marshal Appellees and therefore warrants no further discussion. *See* Pls.' Br. 20. Likewise, Plaintiffs-Appellants incorrectly allege that the district court "ignored Plaintiffs' Motion for Summary Judgement." Pls.' Br. 12. To the contrary, the district court denied that motion because it dismissed Plaintiffs-Appellants' claims. *See* ROA.1161, 1177.

## CONCLUSION

The judgment of the district court should be affirmed.

Respectfully submitted this 8th day of August, 2025.

ELLISON C. TRAVIS
*Acting United States Attorney*
*Middle District of Louisiana*

/s/ Chase E. Zachary
Chase E. Zachary, LBN 37366
Katherine K. Green, LBN 29886
*Assistant United States Attorneys*
451 Florida Street, Suite 300
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: chase.zachary@usdoj.gov
E-mail: katherine.green@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on August 8, 2025, the foregoing document was served electronically through the Court's electronic-filing system on all registered users. The following individuals were also served with two copies of the foregoing document by U.S. mail:

Howard Gary Brown    Brandon Albert Sibley   Melanie Jerusalem
1003 W. Michigan     17517 Cline Drive       5130 Woodside Drive
Drive                Maurepas, LA 70449      Baton Rouge, LA
Hammond, LA 70401                            70808

Respectfully submitted this 8th day of August, 2025.

/s/ Chase E. Zachary
CHASE E. ZACHARY
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

I certify:

1.     This document complies with the type-volume limit of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because, excluding the parts of the document exempted by Rule 32(f) and 5th Cir. R. 32.1, this document contains 4,436 words, according to the count of Microsoft Word.

2.     This document complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and 5th Cir. R. 32.1 and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft© Word for Microsoft 365, Version 2408, in 14-point Century Schoolbook.

Respectfully submitted this 8th day of August, 2025.

/s/ Chase E. Zachary
CHASE E. ZACHARY
Assistant United States Attorney