No. 25-30209

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Brandon Albert Sibley; Howard Gary Brown; Melanie Jerusalem,

Plaintiffs - Appellants

v.

Shelly D. Dick, in both Individual & Official Administrative Capacity; William Brown, United States Marshall, in both Individual & Official capacity; Jeff B., United States Marshal, in both his Individual and & Official Capacity; Merrick Garland, U.S. Attorney General, in his official capacity; Ronald L. Davis, in his official capacity as Director, United States Marshals Service; Metropolitan Security Services, Incorporated, also known as Walden Security; Michael Attaway, in both Individual & Official capacity; Jeff Bowie, United States Marshal, in both his Individual & Official Capacity,

Defendants - Appellees

---

## On Appeal from

United States District Court for the Middle District of Louisiana

3:23-CV-24

---

## BRIEF OF APPELLEE METROPOLITAN SECURITY SERVICES, INCORPORATED, D/B/A WALDEN SECURITY

---

*Counsel Listed on Inside Cover*

CHAMBLISS, BAHNER & STOPHEL, P.C.

Justin L. Furrow, TN BPR No. 027667

Liberty Tower, Suite 1700
605 Chestnut Street
Chattanooga, Tennessee 37450
Telephone:  423.757.0221
Facsimile:   423.508.1221
jfurrow@chamblisslaw.com

*Counsel for Defendant-Appellee*
*Metropolitan Security Services, Inc.,*
*d/b/a Walden Security*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Michael Attaway | Katherine Green, U.S. Attorney's Office, Baton Rouge, LA |
| Michael Attaway | Chase Zachary, U.S. Attorney's Office, Baton Rouge, LA |
| Jeff Bowie | Katherine Green, U.S. Attorney's Office, Baton Rouge, LA |
| Jeff Bowie | Chase Zachary, U.S. Attorney's Office, Baton Rouge, LA |
| William Brown | Katherine Green, U.S. Attorney's Office, Baton Rouge, LA |
| William Brown | Chase Zachary, U.S. Attorney's Office, Baton Rouge, LA |
| Ronald Davis | Katherine Green, U.S. Attorney's Office, Baton Rouge, LA |
| Ronald Davis | Chase Zachary, U.S. Attorney's Office, Baton Rouge, LA |
| Shelly Dick | Karen King, U.S. Attorney's Office, Lafayette, LA |
| Merrick Garland, U.S. Attorney General | Katherine Green, U.S. Attorney's Office, Baton Rouge, LA |
| Merrick Garland, U.S. Attorney General | Chase Zachary, U.S. Attorney's Office, Baton Rouge, LA |

| Metropolitan Security Services, Inc. d/b/a Walden Security | Justin Furrow, Chambliss, Bahner & Stophel, P.C., Chattanooga, TN |
| --- | --- |

| Appellants: | Counsel for Appellants: |
| --- | --- |
| Howard Gary Brown | Pro Se |
| Melanie Jerusalem | Pro Se |
| Brandon Albert Sibley | Pro Se |

*/s/ Justin L. Furrow*
Justin L. Furrow

*Counsel for Defendant-Appellee*
*Metropolitan Security Services, Inc. d/b/a*
*Walden Security*

**STATEMENT REGARDING ORAL ARGUMENT**

Oral argument is not necessary.  The parties' briefs and the record sufficiently present the facts and legal analysis.  The Court should affirm the District Court's dismissal of all claims alleged by the Plaintiffs-Appellants.

4901-4247-4059_19

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ........................................... v

TABLE OF CONTENTS ......................................................................... vi

TABLE OF AUTHORITIES ...................................................................... viii

JURISDICTIONAL STATEMENT ............................................................. 1

STATEMENT OF THE ISSUES ................................................................ 2

STATEMENT OF THE CASE .................................................................... 3

    A.    Background ................................................................ 3

    B.    Procedural History ....................................................... 4

SUMMARY OF THE ARGUMENT ............................................................ 9

ARGUMENT ........................................................................................ 10

I.    Standard of Review ...................................................... 10

II.    Appellants Have Forfeited Every Issue ................................ 10

    A.    Rule 28 and the Standard for Forfeiture of an Issue ................... 11

    B.    Appellants Forfeited Every Issue Adjudicated by the District Court That Appellants Omitted From Their Statement of Issues ..................................................... 12

    C.    Appellants Have Forfeited the Issues They Attempted to Brief ..................................................... 15

III.    Derivative Judicial Immunity Bars Appellants' Claims Against Walden Security ......................................................... 18

IV.    The Dismissal Should Be Affirmed on Other Grounds ................ 23

A.   *Bivens* Does Not Apply to Federal Contractors Like Walden Security.............................................................................24

B.   Appellants' Section 1985(3) Claim Fails Because They Have Not Alleged Racial Animus...................................................27

C.   The Courthouse Is Not a Place of Public Accommodation........29

D.   Appellants' Claims for Conspiracy and Negligent Infliction of Emotional Distress Fail...................................................32

V.   Appellants Were Not Entitled to Discovery Before the Court Granted Walden Security's Motion to Dismiss ....................................35

VI.  The So-Called "Procedural Irregularities" Were Not Reversible Errors ..............................................................................36

CONCLUSION ....................................................................39

CERTIFICATE OF SERVICE .............................................40

CERTIFICATE OF COMPLIANCE ..................................41

# TABLE OF AUTHORITIES

*Cases*                                                                                  *Page(s)*

*Able Sec. and Patrol, LLC v. Louisiana,*
   569 F. Supp. 2d 617 (E.D. La. 2008) ................................................................32

*Ackerson v. Bean Dredging LLC,*
   589 F.3d 196 (5th Cir. 2009) ...........................................................................22

*Alexander v. Verizon Wireless Servs., L.L.C.,*
   875 F.3d 243 (5th Cir. 2017) ...........................................................................17

*Arrendondo v. Univ. of Tex. Medical Branch at Galveston,*
   950 F.3d 294 (5th Cir. 2020) ...........................................................................11

*Asante-Chioke v. Dowdle,*
   103 F.4th 1126 (5th Cir. 2024) .........................................................................35

*Ballard v. Wall,*
   413 F.3d 510 (5th Cir. 2005) ...........................................................................18

*Ballew v. Cont'l Airlines, Inc.,*
   668 F.3d 777 (5th Cir. 2012) ...........................................................................24

*Bivens v. Six Unknown Named Agents,*
   403 U.S. 388 (1971) ................................................................................. 13, 27

*Brown v. U.S. Postal Inspection Serv.,*
   206 F.Supp.3d 1234 (S.D. Tex. 2016)..............................................................20

*Cantu v. Moody,*
   933 F.3d 414 (5th Cir. 2019) .................................................................... 25, 27

*Carswell v. Camp,*
   54 F.4th 307 (5th Cir. 2022) ...........................................................................36

*Chandler v. Pay-n-Save, Inc.,*
   No. 21-1228, 2022 WL 4016807 (D.N.M. Sept. 2, 2022)..................................31

*Clark v. Waters*,
   407 F. App'x. 794 (5th Cir. 2011)....................................................11

*Clay v. Allen*,
   242 F.3d 679 (5th Cir. 2001) ...........................................................20

*Collett v. Weyerhaeuser Co.*,
   No. CV 19-11144, 2021 WL 2579801 (E.D. La. June 23, 2021) ......................34

*Coombs v. U.S.*,
   No. 21-CV-3761, 2021 WL 2453496 (S.D.N.Y. June 15, 2021)............... 19, 20

*Correctional Services Corp. v. Malesko*,
   534 U.S. 61 (2001) .........................................................................26

*Covington v. Howard*,
   146 So.3d 933 (La. Ct. App. 2014) ....................................................33

*Dahl v. Village of Surfside Beach, Texas*,
   No. 22-40075, 2022 WL 17729411 (5th Cir. Dec. 16, 2022)...........................24

*Daniels v. Advantage Rent-A-Car Inc.*,
   80 F. App'x 936 (5th Cir. 2003).........................................................31

*Davila v. U.S.*,
   713 F.3d 248 (5th Cir. 2013) .............................................................10

*Deubert v. Gulf Federal Savings Bank*,
   820 F.2d 754 (5th Cir. 1987) .............................................................27

*Diaz v. Cantu*,
   123 F.4th 736 (5th Cir. 2024) ............................................................19

*Digital Realty Trust, Inc. v. Somers*,
   583 U.S. 149 (2018) ........................................................................29

*Does 1-5 v. Obiano*,
   138 F.4th 955 (5th Cir. 2025) ..................................................... 13, 14

*Egbert v. Boule*,
   596 U.S. 482 (2022) ........................................................................25

ix

*Gigliotti v. Wawa Inc.*,
No. CIV. A. 99–3432, 2000 WL 133755 (E.D. Pa. Feb. 2, 2000)....................31

*Gonzales v. Gillis*,
No. 21-60764, 2022 WL 1164806 (5th Cir. Apr. 19, 2022) ............................27

*Hardy v. Easterling*,
113 So.3d 1178 (La. Ct. App. 2013) ...................................................................32

*Horaist v. Doctor's Hosp. of Opelousas*,
255 F.3d 261 (5th Cir. 2001) ..............................................................................28

*In re S. Recycling, L.L.C.*,
982 F.3d 374 (5th Cir. 2020) ..............................................................................24

*Indigenous Peoples of Coastal Bend v. U.S. Army Corps of Engineers*,
132 F.4th 872 (5th Cir. 2025) .............................................................................12

*Jackson v. Walgreens Co.*,
No. 16–0398, 2016 WL 4212258 (D. Minn. Aug. 10, 2016)...........................31

*JTB Tools & Oilfield Servs., LLC v. U.S.*,
831 F.3d 597 (5th Cir. 2016) ..............................................................................16

*Lockett v. New Orleans City*,
607 F.3d 992 (5th Cir. 2010) ..............................................................................28

*Mack v. Alexander*,
575 F.2d 488 (5th Cir. 1978) ................................................................................8

*Matter of Ondova Ltd. Co.*,
914 F.3d 990 (5th Cir. 2019) ..............................................................................21

*Mays v. Sudderth*,
97 F.3d 107 (5th Cir. 1996) ........................................................................ 20, 21

*McCoy v. Homestead Studio Suites Hotels*,
177 F. App'x. 442 (5th Cir. 2006).....................................................................28

*McKay v. LaCroix*,
117 F.4th 741 (5th Cir. 2024) .............................................................................10

x

*Montgomery v. Cap. One Bank (USA), N.A.,*
No. CV-22-347-SDD-SDJ, 2023 WL 2705860 (M.D. La. Mar. 14, 2023) ......34

*Muhammad v. Bethel-Muhammad,*
No. 11–0690, 2013 WL 5531397 (S.D. Ala. Oct. 7, 2013) ...............................30

*Olague v. Cnty of Sacramento,*
No. 2:11–cv–331, 2012 WL 3638320 (E.D. Cal. Aug. 21, 2012)....................30

*Oliva v. Nivar,*
973 F.3d 438 (5th Cir. 2020) ...............................................................................25

*Poor and Minority Just. Assn. v. C.J., Tenth Jud. Cir. Ct. of Fla.,*
No. 8:19-CV-2889-T-02TGW, 2020 WL 3286140 (M.D. Fla. Mar. 27, 2020)
........................................................................................................................30

*Priester v. Lowndes Cnty.,*
354 F.3d 414 (5th Cir. 2004) ...............................................................................35

*Pullins v. Bank,*
No. CV 19-00006, 2020 WL 1450560 (M.D. La. Mar. 25, 2020) ...................31

*Richardson v. McKnight,*
521 U.S. 399 (1997) ............................................................................ 16, 22, 23

*Roebuck v. Dothan Security, Inc.,*
515 F. App'x 275 (5th Cir. 2013)........................................................................30

*Sauceda v. City of San Benito, Tex.,*
78 F.4th 174 (5th Cir. 2023) ...............................................................................38

*Sec. and Exch. Comm'n v. Hallam,*
42 F.4th 316 (5th Cir. 2022) ...............................................................................15

*Skinner v. Gautreaux,*
549 F. Supp. 3d 493 (M.D. La. 2021)..................................................................30

*Smith v. Sch. Bd. of Concordia Parish,*
88 F.4th 588 (5th Cir. 2023) ...............................................................................15

*U.S. v. Callahan,*
    589 F. App'x. 299 (5th Cir. 2015) .......................................................17

*U.S. v. Maes,*
    961 F.3d 366 (5th Cir. 2020) ............................................................11

*U.S. v. Quintanilla,*
    114 F.4th 453 (5th Cir. 2024) ............................................... 12, 13, 17

*U.S. v. Scroggins,*
    599 F.3d 433 (5th Cir. 2010) ............................................................14

*U.S. v. Stalnaker,*
    571 F.3d 428 (5th Cir. 2009) ............................................................18

*United States ex rel Johnson v. Raytheon Co.,*
    93 F.4th 776 (5th Cir. 2024) ............................................................10

*Warner v. Talos ERT, L.L.C.,*
    133 F.4th 412 (5th Cir. 2025) ...........................................................37

*Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer,*
    90 F.3d 118 (5th Cir. 1996) ..............................................................28

*Wright v. United Parcel Serv., Inc. (Ohio),*
    3:20-CV-00098, 2020 WL 1909973 (W.D. La. Apr. 2, 2020)........................32

*X Corp. v. Media Matters for America,*
    120 F.4th 190 (5th Cir. 2024) ...........................................................10

*Ziglar v. Abbasi,*
    582 U.S. 120 (2017) ........................................................................24

*Statutes*

28 U.S.C. § 1291.................................................................................1

28 U.S.C. §§ 1331, 1346(b)(1), and 1367 .............................................1

42 U.S.C. § 1985.............................................................................2, 8

42 U.S.C. § 1985(3) ..................................................................4, 5

42 U.S.C. § 2000a .................................................................. passim

42 U.S.C. §§ 1983 ..................................................................22

42 U.S.C. §§ 1983, 1985(3), and 2000a ................................13

*Rules*

Fed. R. App. P. 4(a)(1)(B)......................................................1

Fed. R. App. P. 28 .............................................................. 1, 11, 17

Fed. R. App. P. 28(a)(8)(A) ..................................................11

Fed. R. Civ. P. 12(b)(1) and 12(b)(6).....................................5, 10

4901-4247-4059_19

## JURISDICTIONAL STATEMENT

Under Fed. R. App. P. 28, the Court has jurisdiction over this appeal:

1.      The claims alleged by Plaintiffs-Appellants are based on federal law and the Constitution or are state-law claims asserted against federal employees or federal contractors.  Subject matter jurisdiction therefore exists under 28 U.S.C. §§ 1331, 1346(b)(1), and 1367.

2.      The Court has jurisdiction under 28 U.S.C. § 1291 because this action is an appeal from the March 13, 2025 final judgment of the District Court.

3.      The Appellants' Amended Notice of Appeal was filed April 2, 2025, and is therefore timely under Fed. R. App. P. 4(a)(1)(B).

4.      By orders dated March 12-13, 2025, the District Court granted the motions to dismiss of Defendants-Appellees.  Together, the District Court's orders constituted a final judgment that disposed of the claims of all parties.

## STATEMENT OF THE ISSUES

1.    Whether Appellants waived any arguments that they did not include in their Statement of Issues; and for the issues Appellants did raise, whether those issues were adequately briefed;

2.    Whether derivative judicial immunity bars Appellants' claims against Walden Security;

3.    Whether Appellants can allege a *Bivens* claim against a federal contractor like Walden Security;

4.    Whether Appellants can allege a claim against Walden Security under 42 U.S.C. § 1985 without alleging racial animus;

5.    Whether the federal courthouse in Baton Rouge, Louisiana, is a place of public accommodation under 42 U.S.C. § 2000a;

6.    Whether Appellants properly alleged claims against Walden Security for conspiracy and negligent infliction of emotional distress;

7.    Whether Appellants were entitled to discovery before the District Court granted Walden Security's motion to dismiss; and

8.    Whether the "procedural irregularities" alleged by Appellants rise to the level of reversible error.

## STATEMENT OF THE CASE

### A.    Background

This case asks the Court to decide whether Covid-era masking

policies at a federal courthouse were a lawful exercise of judicial

administrative authority.  Yes, they were.

*Pro se* Plaintiffs-Appellants Brandon Sibley, Howard Brown, and

Melanie Jerusalem ("Appellants") were denied entry to the Russell B. Long

Federal Building and United States Courthouse in Baton Rouge, Louisiana

(the "Courthouse") because they did not present proof of COVID-19

vaccination and would not wear a mask.

Central to this case are three administrative orders issued by Chief

Judge Shelly D. Dick of the Middle District of Louisiana.

1. On June 30, 2020, Chief Judge Dick issued Administrative Order No.

   2020-8, which required all employees and persons having business in

   the Courthouse to wear masks when in any public space in the

   building. ROA.352.

2. On March 15, 2022, Chief Judge Dick issued Administrative Order

   No. 2022-3, which stated that fully vaccinated individuals were no

   longer required to mask in public spaces of the Courthouse, but they

were required to produce proof of vaccination to unmask. ROA.355.

Individuals who did not present proof of their vaccination status

were still required to wear masks. ROA.355-56.

3. On March 29, 2023, Chief Judge Dick issued Administrative Order

   No. 2023-2, which rescinded the previous orders. ROA.454.

These administrative orders were enforced by the United States Marshals

Service. Defendant-Appellee Metropolitan Security Services, Inc., d/b/a

Walden Security ("Walden Security"), a federal contractor with the U.S.

Marshals Service, also enforced the masking policies according to their

contract with the U.S. Marshals Service and under the direction of the U.S.

Marshals. ROA.202, 204-05, 210, 216.

## B.    Procedural History

On January 17, 2023, Appellants filed a Complaint against

Defendants-Appellees (collectively, the "Appellees"), which they later

amended on March 29, 2023 (the "First Amended Complaint"). ROA.21-

107, 297-407.

The First Amended Complaint alleged five causes of action against

Appellees: (1) a *Bivens* claim, (2) conspiracy in violation of 42 U.S.C. §

1985(3) common law conspiracy, (4) discrimination and denial of service at

4

a place of public accommodation in violation of 42 U.S.C. § 2000(a), and

(5) negligent infliction of emotional distress. ROA.333-46.

On June 1, 2023, Walden Security filed a motion to dismiss all claims

under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ROA.660-79. Walden Security

raised the following issues as grounds for dismissal:

(1) Chief Judge Dick was entitled to absolute judicial immunity from

all of Appellants' claims because her enactment of the administrative

orders was a lawful exercise of her judicial authority; and by extension,

Walden Security was entitled to derivative judicial immunity from all of

Appellants' claims because those claims challenged Walden Security's

enforcement of lawful judicial administrative orders;

(2) Appellants' *Bivens* claim failed because *Bivens* has never been, nor

should it be, extended to a federal contractor like Walden Security;

(3) Appellants' claim of a conspiracy to discriminate under 42 U.S.C.

§ 1985(3) failed because that claim must be based on racial animus, which

Appellants did not allege;

(4) Appellants' claim for discrimination in places of public

accommodation under 42 U.S.C. § 2000a failed because the Courthouse is

not a "place of public accommodation" under the statute;

(5) Louisiana law does not recognize a stand-alone claim for conspiracy;

(6) Appellants failed to state a claim for negligent infliction of emotional distress because the alleged "emotional distress" was no different from the daily inconveniences experienced writ large by Americans during Covid; and

(7) Appellants' surviving state-law claims, if any, should be dismissed because Appellants did not have any viable federal law claims. ROA.660-79.

On June 13, 2023, Appellants filed their response opposing Walden Security's motion.  ROA.744-57, 758-66. Walden Security filed a reply on June 22, 2023. ROA.799-804.

Chief Judge Dick and the U.S. Marshals also filed separate motions to dismiss all of Appellants' claims. ROA.620-36, 684-708. Those motions raised two issues that overlapped with Walden Security's position: (1) Chief Judge Dick was entitled to absolute judicial immunity from all of Appellants' claims, and (2) the Courthouse is not a place of public accommodation under 42 U.S.C. § 2000a. ROA.626-28, 704-06.

6

On December 4, 2023, while all motions to dismiss were pending, the District Court stayed discovery pending resolution of those dispositive motions. ROA 1053-54.[1]

On March 12, 2025, and March 13, 2025, the District Court granted in full all of the pending motions to dismiss. ROA.1160, 1177. The District Court issued two separate memorandum rulings.  The memorandum granting the motions of Chief Judge Dick and Walden Security held:

(1)     Appellants' claims against Chief Judge Dick and Walden Security were barred by judicial immunity and derivative judicial immunity, respectively, ROA.1155-56; and

(2)     Appellants' claims for declaratory and injunctive relief were moot because the vaccinate-or-mask administrative order was rescinded effective March 29, 2023.

The other memorandum granting the motion of the U.S. Marshals held:

---

[1] On January 12, 2024, Appellants filed a Motion for Summary Judgment. ROA.1055-70. On January 29, 2024, Walden Security filed a response to Plaintiffs-Appellants' Motion for Summary Judgment. ROA.1072-90. The District Court ultimately denied Plaintiffs-Appellants' Motion for Summary Judgment. ROA.1161, 1175-77.

(1) Appellants' official capacity claims were barred by sovereign immunity, ROA.1155, 1167-68;

(2) Appellants' claims for declaratory and injunctive relief were moot, ROA.1156-59, 1168-70;

(3) Appellants had no *Bivens* claim against the individually named U.S. Marshal Defendants, ROA.1168, 1171-72;

(4) Appellants' 42 U.S.C. § 1985 claim against the U.S. Marshals Service was barred by *Mack v. Alexander*, 575 F.2d 488 (5th Cir. 1978), ROA.1173;

(5) Appellants' claim under 42 U.S.C. § 2000a failed because the Courthouse is not a place of public accommodation, ROA.1173-74; and

(6) Appellants' state-law claims against the U.S. Marshals Service failed because they had not exhausted their administrative remedies under the Federal Tort Claims Act, ROA.1174-75.

The District Court dismissed all of Appellants' claims with prejudice. Appellants timely filed this appeal on April 2, 2025. ROA.1180-81.

## SUMMARY OF THE ARGUMENT

During Covid, was the vaccinate-or-mask policy at the Russell B. Long Courthouse is Baton Rouge, Louisiana a permissible exercise of judicial authority?  *Yes*, held the District Court. And as a result, it dismissed all of Appellants' claims challenging that policy. That decision should be affirmed.

First, *pro se* Appellants have forfeited every issue because their brief either: (1) did not address the issues adjudicated below or (2) did not adequately brief the issues they did raise on this appeal.

Second, Chief Judge Dick is entitled to absolute judicial immunity for enacting the lawful administrative orders establishing the policy.  And Walden Security is entitled to derivative judicial immunity for carrying out those lawful orders.  The Court need go no further on the merits to dispose of Appellants' claims against these two parties.

Third, the District Court's ruling in Walden Security's favor should be affirmed for many other reasons that were briefed but not decided below. Fourth, Appellants have objected to being denied discovery and have taken issue with various alleged "procedural irregularities."  These are nothing more than distractions and should be rejected.

9

## ARGUMENT

### I.    Standard of Review

This Court reviews a district court's dismissal of claims under Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6) *de novo*. *United States ex rel Johnson v. Raytheon Co.*, 93 F.4th 776, 782 (5th Cir. 2024); *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024). The Court "accept[s] all facts in the complaint as true, but do[es] not accept conclusory allegations, unwarranted factual inferences, or legal conclusions." *McKay*, 117 F.4th at 746.

This Court reviews a district court's order staying discovery pending the resolution of a dispositive motion for abuse of discretion. *See Davila v. U.S.*, 713 F.3d 248, 263-64 (5th Cir. 2013). A district court's ruling on a discovery matter will generally be affirmed unless it is "arbitrary or clearly unreasonable." *X Corp. v. Media Matters for America*, 120 F.4th 190, 197 (5th Cir. 2024).

### II.    Appellants Have Forfeited Every Issue

The District Court's orders granting the motions to dismiss adjudicated seven distinct issues.  Appellants' Statement of the Issues raises four issues, only one of which (*i.e.*, judicial immunity and derivative judicial immunity) overlaps with what the District Court adjudicated in

those orders.  Appellants have therefore forfeited the other six issues that the District Court addressed.

And to the extent Appellants have attempted to address any issue in their Brief, those attempts are inadequate.  Even when read with the charity afforded to *pro se* litigants, Appellants' Brief does not cogently explain why any ruling by the District Court should be changed.

### A.    Rule 28 and the Standard for Forfeiture of an Issue

Federal Rule of Appellate Procedure 28(a) requires an appellant to state the issues presented for review and "to set forth his 'contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" *Arrendondo v. Univ. of Tex. Medical Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020) (citing Fed. R. App. P. 28(a)(8)(A)). Although *pro se* litigants are generally held to less stringent standards, they "must still brief the issues and reasonably comply with the standards of Rule 28 in order to preserve them." *Clark v. Waters*, 407 F. App'x. 794, 796 (5th Cir. 2011).

Failure to brief an argument forfeits the claim on appeal. *See U.S. v. Maes*, 961 F.3d 366, 377 (5th Cir. 2020) (issue on appeal forfeited because of inadequate briefing; court was unable to identify litigant's "fundamental

11

contentions"). Forfeiture of a claim occurs: (1) when a party lists an argument as one of the issues presented for review but does not make any argument specifically tailored to that claim; or (2) where a party fails to list an issue presented in his or her statement of the issues even if he or she raises the issue in the body of the brief. *U.S. v. Quintanilla*, 114 F.4th 453, 464 (5th Cir. 2024) (cleaned up).

### B.     Appellants Forfeited Every Issue Adjudicated by the District Court That Appellants Omitted From Their Statement of Issues

The District Court issued two orders granting the Defendants-Appellees' motions to dismiss. ROA.1148-1159, 1161-1176. Across those two orders, the District Court made seven distinct rulings. *See supra* at 7-8.

Appellants' Statement of the Issues challenges only one of those seven rulings: whether the District Court misapplied judicial and derivative immunity to dismiss the claims against Chief Judge Dick and Walden Security. Appellants' Br. 3, 17-18. This means Appellants have forfeited any challenge to the other six rulings by the District Court. *See Indigenous Peoples of Coastal Bend v. U.S. Army Corps of Engineers*, 132 F.4th 872, 884 (5th Cir. 2025) (appellants forfeited an issue that was omitted from

12

their statement of the issues and was not addressed elsewhere in their

opening brief).

Throughout their Brief, Appellants make a few cursory attempts to

address some of the District Court's rulings that they omitted from their

Statement of the Issues.[2] But those arguments should be disregarded. *See*

*Quintanilla*, 114 F.4th at 464 ("Where a party fails to list an issue presented

in his or her statement of the issues, the issue is forfeited even if he or she

raises the issue in the body of the brief.").

This Court's recent opinion in *Does 1-5 v. Obiano*, 138 F.4th 955 (5th

Cir. 2025), underscores the fundamental premise that an issue not listed in

a party's statement of the issues is forfeited. In *Obiano*, a former Nigerian

governor moved to dismiss the plaintiffs' claims against him on various

grounds, including lack of subject matter jurisdiction based on foreign

---

[2] "[T]he Plaintiffs brought claims primarily under the Constitution and statutes such as 42 U.S.C. §§ 1983, 1985(3), and 2000a–not merely as common-law torts." Appellants' Br. 16; "Constitutional violations committed under color of federal authority are actionable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), albeit with limitations that do not apply here." *Id.* (emphasis omitted); "The court also failed to analyze whether exhaustion under the FTCA even applies to claims against . . . private contractors. It does not." *Id.*; "Although the district court held that a courthouse is not a public accommodation under [42 U.S.C. § 2000a], this is a factual and legal question that deserved further development . . . and further the Plaintiffs make a good case for why this particular courthouse IS a place of public accommodation." Appellants' Br. 19 (emphasis omitted).

official immunity. *Obiano*, 138 F.4th at 956-957. After rejecting the plaintiffs'

argument that the so-called *ius cogens* exception should be applied to

foreign official immunity, the district court granted the defendant's motion

on jurisdictional grounds. *Id.* at 959.

On appeal, the plaintiffs' statement of the issues did not mention the

*ius cogens* exception as an issue for review. But plaintiffs briefly mentioned

the exception in the body of their brief. *Id*. at 960, n.10.  The Court declined

to address that exception and held that plaintiffs forfeited the issue for two

reasons: (1) it was not mentioned in plaintiffs' statement of the issues, and

(2) the plaintiffs' brief did not develop the *ius cogens* issue "in any

meaningful way."  *Id*.

*Obiano* supports forfeiture here. Appellants omitted from their

Statement of the Issues six of the seven rulings from the District Court's

dismissal orders.  Nor did they otherwise present arguments on any of

those forfeited issues "in any meaningful way." Appellants thus have

forfeited any challenge to any issue not raised in their Statement of the

Issues.  "It is not enough to merely mention or allude to a legal theory" to

preserve an issue for appeal. *U.S. v. Scroggins*, 599 F.3d 433, 446 (5th Cir.

2010).

14

### C.    Appellants Have Forfeited the Issues They Attempted to Brief

"A party forfeits an argument . . . by failing to adequately brief the argument in its opening brief on appeal." *Smith v. Sch. Bd. of Concordia Parish*, 88 F.4th 588, 594 (5th Cir. 2023) (citation omitted). "To be adequate, a brief must 'address the district court's analysis and explain how it erred.'" *Sec. and Exch. Comm'n v. Hallam*, 42 F.4th 316, 327 (5th Cir. 2022) (citation omitted).  Appellants' Brief attempts to address some issues, but those attempts are so inadequate that they amount to forfeiture.

Appellants' Statement of the Issues presents the following four issues:

1.  Whether the district court erred in dismissing all claims with prejudice without permitting discovery.

2.  Whether the court misapplied judicial and derivative immunity to dismiss claims alleging unconstitutional conduct under color of administrative orders.

3.  Whether Plaintiffs plausibly stated constitutional violations under the First and Fourteenth Amendments.

4.  Whether procedural irregularities – including faulty notice and prejudicial reliance on non-binding, **altered**, or irrelevant case law – denied Appellants due process. (emphasis in original).

Appellants' Br. 3-4.

Appellants' Brief does not adequately address any of these issues. On Issue 2, for example, Appellants devote barely more than one page to why they think the District Court erred in holding that judicial immunity barred their claims against Judge Dick and that derivative judicial immunity barred their claims against Walden Security.  Appellants' Br. at 17-18.

According to Appellants, derivative judicial immunity does not apply to Walden Security because Walden Security was enforcing arbitrary and capricious "administrative policies," not "judicial rulings." Appellants' Br. 18. But Appellants cite no authority for this purported distinction.  Nor do they address the District Court's analysis or why they think that analysis was faulty.  Nor do they cite any authorities that support their position.[3]

Invented distinctions and conclusory assertions are not enough to preserve an issue. To avoid forfeiting an issue, a party must identify relevant legal standards and relevant Fifth Circuit cases supporting its position.  *See JTB Tools & Oilfield Servs., LLC v. U.S.*, 831 F.3d 597, 601 (5th

---

[3] Appellants cite *Richardson v. McKnight*, 521 U.S. 399 (1997), which as explained *infra* at 22-23, is distinguishable.

Cir. 2016). Appellants have failed to do this on the primary issue presented by their appeal.

Appellants' briefing on the other three issues fares no better. It is a dog's breakfast of disjointed and inchoate arguments. This Court is "not required to search the record to find a legal basis for an issue," nor is it required to expound on Appellants' meager arguments or make their arguments for them. *U.S. v. Callahan*, 589 F. App'x. 299, 300 (5th Cir. 2015); *see also Quintanilla*, 114 F.4th at 465 ("We will not use a scalpel to extract whatever latent independent arguments parties inconspicuously smuggle in.").

Appellants' *pro se* status is no excuse. *Pro se* filings are to be liberally construed, but that does not relieve a *pro se* litigant from the duty to adequately brief issues on appeal. "*Pro se* parties must still brief the issues and reasonably comply with the standards of Federal Rule of Appellate Procedure 28." *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 n.10 (5th Cir. 2017).

Properly understood, Appellants' briefing on these other three issues are distractions that avoid contending with the specific reasons why the District Court dismissed Appellants' claims. They have not been

17

adequately briefed, and their arguments on those issues should not be considered by this Court. *U.S. v. Stalnaker*, 571 F.3d 428, 439-440 (5th Cir. 2009) (finding that the appellant had waived issues where she did not fully explain the issues and did not cite to the record or relevant law).

## III.    Derivative Judicial Immunity Bars Appellants' Claims Against Walden Security

Even if Appellants have not forfeited any issues, they have failed to demonstrate that the District Court erred when it granted Walden Security's motion to dismiss.

First, and most importantly, the District Court correctly held that the claims against Chief Judge Dick are barred by judicial immunity and that, by extension, the claims against Walden Security are barred by derivative judicial immunity. ROA.1155-56.

"Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citation omitted). This broad immunity is subject to two narrow exceptions: (1) a judge is not immune from liability for "actions not taken in the judge's judicial capacity"; and (2) a judge is not immune from liability for "actions, though judicial in nature, taken in the complete

18

absence of all jurisdiction." *Diaz v. Cantu*, 123 F.4th 736, 746 (5th Cir. 2024) (citation omitted).

To determine whether an act is judicial in nature, courts in the Fifth Circuit consider four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Id.* at 746-47.

Here, the District Court relied on a factually similar case, *Coombs v. U.S.*, No. 21-CV-3761, 2021 WL 2453496, at *3 (S.D.N.Y. June 15, 2021), to find that the Covid-era administrative orders "were normal judicial functions within Chief Judge Dick's authority and jurisdiction." ROA.1155-56. In *Coombs*, the Chief Judge of the United States District Court for the Southern District of New York issued multiple standing orders in response to the pandemic. *Id.* at *3. The plaintiff sued the Chief Judge, alleging that the standing orders were unconstitutional. *Id.* at *2. The district court found that issuing standing orders was within the scope of the Chief Judge's

authority and jurisdiction and held that the Chief Judge was "absolutely immune from suit." *Id*. at *3.

Here, as in *Coombs*, the District Court appropriately reasoned that the administrative orders "proscribed the conduct of civil and criminal court proceedings and courthouse access during the novel COVID-19 pandemic." ROA.1155-56. As such, the administrative orders were normal judicial functions within Chief Judge Dick's authority and jurisdiction that entitled her to absolute judicial immunity. *Id.* Thus, the District Court held that Appellants' claims were barred by judicial immunity. ROA.1156.

And by extension, Appellants' claims against Walden Security are similarly barred by derivative judicial immunity. "Derived judicial immunity shields individuals who act pursuant to explicit directions or procedures of a judge . . . ." *Brown v. U.S. Postal Inspection Serv.*, 206 F.Supp.3d 1234, 1251 (S.D. Tex. 2016) (citing *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). Individuals "charged with executing a facially valid court order ha[ve] no choice but to do so." *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996). Derivative judicial immunity "is essential to insure the fearless and unhesitating execution of court orders necessary if the court's authority and ability to function are to remain uncompromised." *Id*. at 112

20

(citation omitted). Without this immunity, the individuals carrying out judicial orders would become "lightning rods for harassing litigation" aimed at the issuing judge. *Id*. at 113.

Here, Appellants do not hide that their claims flow from Walden Security's personnel acting as directed by Chief Judge Dick's orders. *See* ROA.195, 202-205, 211, 213, 216, 222, 226.[4] At all times relevant to Appellants' claims, Walden Security's personnel were acting under the explicit procedures outlined in the administrative orders issued by Chief Judge Dick. As security personnel tasked with carrying out Chief Judge Dick's orders, Walden Security's employees were effectively acting as an arm of the court. Walden Security is therefore entitled to derivative judicial immunity from Appellants' claims. *See Matter of Ondova Ltd. Co.*, 914 F.3d 990, 993 (5th Cir. 2019) (finding that a bankruptcy trustee was "entitled to absolute immunity" for actions taken while acting "under the supervision and subject to the order of [a] judge").

---

[4] "The Administrative Orders by Chief Judge, Shelly D. Dick, are unconstitutional on their face; and combined with their enactment by the employees, and agents of UNITED STATES MARSHALS SERVICE in combination with WALDEN SECURITY constitute a violation of Plaintiffs' inviolable, exclusive, inherent, and inalienable right to access the courts . . . ." ROA.195 (emphasis in original).

Appellants' Brief cites *Richardson v. McKnight*, 521 U.S. 399 (1997) to support their contention that Walden Security is not entitled to derivative judicial immunity because Walden Security is a "private actor" that was "enforcing administrative policies." Appellants' Br. 18. But *Richardson* is distinguishable. In *Richardson*, the court held that prison guards employed by a private firm were not entitled to qualified immunity on the plaintiff's 42 U.S.C. § 1983 claim where the private firm managed the prison independently with very little direct state supervision and the prison guards performed their jobs "*without government supervision or direction.*" *Richardson*, 521 U.S. at 409 (emphasis added).

But unlike the prison guards in *Richardson*, Walden Security's employees acted under the direct supervision of and direction from both Chief Judge Dick and the U.S. Marshals. As the District Court correctly noted, Appellants' claims are directly related to Walden Security's personnel "carr[ying] out the AOs at issue, all the time acting pursuant to a contract with, *and under the direction of*, the USMS." ROA.1156 (emphasis added). Derivative sovereign immunity applies to federal contractors like Walden Security when those contractors are acting within the scope of their contract. *See Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 206 (5th Cir.

22

2009). Nowhere do Appellants claim that Walden Security acted outside the scope of its contract. Nor do Appellants dispute that Walden Security was acting under the supervision and direction of the U.S. Marshals. Their reliance on *Richardson* is misplaced.

Walden Security, acting under its contract with the U.S. Marshals, enforced Chief Judge Dick's valid administrative orders. Settled law, as the District Court correctly ruled, entitles Walden Security to derivative judicial immunity. That ruling should be affirmed, and this Court need go no further.

## IV.  The Dismissal Should Be Affirmed on Other Grounds

The District Court dismissed the claims against Walden Security based only on derivative judicial immunity. The District Court did not base its dismissal on any of the other grounds that Walden Security raised. *See supra* at 5-7.

If for some reason the Court were to find that Walden Security is not entitled to derivative judicial immunity, the District Court's dismissal of all claims against Walden Security should still be affirmed on the other grounds that Walden Security raised below. ROA.660-79. In reviewing a ruling on a motion to dismiss, this Court may affirm on any ground

23

supported by the record, even if it was not reached by the district court.[5]

Each of these additional arguments is addressed below.

### A.    *Bivens* **Does Not Apply to Federal Contractors Like Walden Security**

Appellants' *Bivens* claim does not apply to federal contractors like

Walden Security.  And the Court should decline Appellants' implied

invitation to so extend it. ROA.750-51, 760.

A *Bivens* claim provides a remedy for violations of an individual's

constitutional rights committed by a federal officer acting under color of

federal authority. The Supreme Court has approved *Bivens* claims only in

three precise contexts: (1) "a claim against FBI agents for handcuffing a

man in his own home without a warrant"; (2) "a claim against a

Congressman for firing his female secretary"; and (3) "a claim against

prison officials for failure to treat an inmate's asthma." *Ziglar v. Abbasi*, 582

U.S. 120, 140 (2017).

---

[5] *Dahl v. Village of Surfside Beach, Texas*, No. 22-40075, 2022 WL 17729411, at *2 (5th Cir. Dec. 16, 2022) (citing *In re S. Recycling, L.L.C.*, 982 F.3d 374, 382 (5th Cir. 2020); *accord Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012)).

Courts confronting *Bivens* claims must ask two questions. "First, do [the plaintiff's] claims fall into one of the three existing *Bivens* actions? Second, if not, should we recognize a new *Bivens* action here?" *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019). There are many ways to distinguish a claim from the three permissible contexts above, including the substance of the claims and the types of defendants. *See id.* at 421-24. Appellants' claim here does not resemble any of the three permitted scenarios.

Extending *Bivens* to any new context beyond the three above is a "disfavored judicial activity." *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). Virtually anything else besides the three permissible scenarios mentioned above is a new context, and "even a modest extension of the *Bivens* trilogy is still an extension." *Id.* More recently, the Supreme Court has signaled unwillingness to extend *Bivens* to *any* new context because doing so is a legislative endeavor. *See Egbert v. Boule*, 596 U.S. 482, 490-502 (2022) (Ninth Circuit plainly erred when, under *Bivens*, it created new causes of action for a Fourth Amendment excessive-force claim and a First Amendment retaliation claim).

25

Should a new *Bivens* action be recognized here?  No, for the reasons explained above.  Moreover, none of the three recognized *Bivens* actions involves claims against federal contractors like Walden Security. Thus, for Appellants to maintain their *Bivens* claim, this Court must first create a new cause of action allowing it.  But the Supreme Court has already declined to extend *Bivens* to a claim against a federal contractor, and there is no reason for this Court to reach a different conclusion here.

In *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 74 (2001), the Supreme Court refused to find that a corporation serving as a federal prison contractor should be liable under *Bivens.* The Supreme Court noted that it has "consistently refused to extend *Bivens* liability to any . . . new category of defendants." *Id.* at 68. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Id*. at 70. *Bivens*' purpose would not be furthered by exposing an individual's employer to suit under *Bivens*. *Id*. at 70-71. In holding that a private entity is not subject to suit under *Bivens*, the Supreme Court stated that "if a corporate defendant is available for suit, claimants will focus their collection efforts on it, and not the individual directly responsible for the alleged injury." *Id.* at 71.

26

Under *Malesko*, Appellants' attempt to extend *Bivens* to Walden

Security must fail. And this Court recently recognized that "neither the

Supreme Court nor any circuit yet has recognized a cause of action under

*Bivens* against a private entity acting under color of federal law." *Gonzales*

*v. Gillis*, No. 21-60764, 2022 WL 1164806, at *1 (5th Cir. Apr. 19, 2022)

(cleaned up).

Appellants' Brief does not make any genuine effort to pursue this

claim.  It mentions *Bivens* once in passing.[6] The Court should not reward

that languid effort by taking the extraordinary and unprecedented step of

applying *Bivens* to Walden Security.

## B.    Appellants' Section 1985(3) Claim Fails Because They Have Not Alleged Racial Animus

Appellants' Section 1985(3) claim should be dismissed because

Appellants did not allege racial animus.  ROA.755-57, 761-64.  It is well-

settled in the Fifth Circuit that "the only conspiracies actionable under [§]

1985(3) are those motivated by racial animus." *Cantu*, 933 F.3d at 419 (citing

*Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754, 757 n.2 (5th Cir. 1987));

---

[6] "Constitutional violations committed under color of federal authority are actionable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), albeit with limitations that do not apply here." Appellants' Br. 16 (emphasis omitted).

27

*Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (stating that, to be actionable under § 1985(3), "the conspiracy must also have a racially based animus.").

Nowhere have Appellants alleged that race-based animus motivated the actions of Walden Security or any of the other Appellees. This ends the matter. *See Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001) (holding that the district court correctly dismissed the appellant's § 1985(3) claim where the appellant had "alleged no racial animus.").

Appellants try to salvage this claim on appeal by saying that the administrative orders "created a 'religious test' by forcing compliance with what amounts to a belief system . . . ." Appellants' Br. 14. But reframing the claim as a matter of religious discrimination doesn't help. This Court has twice refused to extend § 1985(3) to a conspiracy allegedly motivated by religious animus. *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer,* 90 F.3d 118, 124 (5th Cir. 1996) ("We decline the Church's invitation to extend the reach of [§] 1985(3) to include conspiracies motivated by religious, as opposed, to racial animus."); *McCoy v. Homestead Studio Suites Hotels*, 177 F. App'x. 442, 446 (5th Cir. 2006) ("We have declined to extend § 1985[(3)]

claims into the realm of religious discrimination.").  Appellants' Section

1985(3) claim thus fails as a matter of law.

### C.    The Courthouse Is Not a Place of Public Accommodation

Walden Security argued below that Appellants' claim under 42

U.S.C. § 2000a fails because the Russell B. Long Courthouse (the

"Courthouse"), where Appellants claim they were denied entry, is not a

place of public accommodation.  ROA.672-73.  The U.S. Marshal

Defendants made this same argument, ROA.704-06, and the District Court

agreed and dismissed this claim against them for this reason. ROA.1173-74.

That ruling applies equally to Walden Security and supports dismissal of

this same claim against Walden Security.

42 U.S.C. § 2000a prohibits discrimination or segregation in "place[s]

of public accommodation." The statute defines four categories of

establishments that qualify as places of public accommodation. *See* 42

U.S.C. § 2000a(b)(1)-(4). Because there is a statutory definition of "place of

public accommodation," that definition controls. *Digital Realty Trust, Inc. v.

Somers*, 583 U.S. 149, 160 (2018).

Appellants argue that the Courthouse is a place of public

accommodation. Appellants' Br. 19. No, it is not.  Courthouses are not

among the four categories included in the statutory definition of "place of public accommodation." And this definition does not include any catch-all provision or other language suggesting that a court is free to add to it. This means the four enumerated categories are exhaustive, not illustrative.

Appellants' Brief does not cite any case supporting their position. On the other hand, several courts have held that courthouses are not a place of public accommodation under § 2000a.[7]

Appellants argue that the Courthouse is a place of public accommodation because it has "a small commissary/lunchroom" and "vending machines." Appellants' Br. at 19 (citing ROA.851, 887). But none of this was mentioned in the Appellants' First Amended Complaint. ROA.1174. A complaint may not be amended by a brief opposing a motion to dismiss. *Skinner v. Gautreaux*, 549 F. Supp. 3d 493, 499 (M.D. La. 2021) (citing *Roebuck v. Dothan Security, Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013)).

---

[7] *Poor and Minority Just. Assn. v. C.J., Tenth Jud. Cir. Ct. of Fla.*, No. 8:19-CV-2889-T-02TGW, 2020 WL 3286140, at *3 (M.D. Fla. Mar. 27, 2020) ("[Section 2000a] expressly lists places of public accommodation . . . Courthouses are not listed which renders this Count dismissible."); *Muhammad v. Bethel-Muhammad*, No. 11–0690, 2013 WL 5531397, at *5 (S.D. Ala. Oct. 7, 2013) ("Because the Dallas County Courthouse is not a 'place of public accommodation' under Section 200[0]a, the plaintiff has no claim under that provision."); *Olague v. Cnty of Sacramento*, No. 2:11–cv–331, 2012 WL 3638320, at *6 (E.D. Cal. Aug. 21, 2012) ("As courts are not within the purview of § 2000a, plaintiff's claim should be dismissed without leave to amend.").

And the District Court noted Appellants did not cite any authority holding that "the mere presence of a lunchroom and/or vending machines is enough to make a federal courthouse a place of public accommodation under [§] 2000a." ROA.1174. Appellants still have not cited any authority finding that such nominal offerings matter. What the authorities do hold is that selling food, without more, does not make a facility a place of public accommodation.[8] The lower court correctly held that the Courthouse is not a place of public accommodation, and that holding should be affirmed and applied to Walden Security.[9]

---

[8] *See Jackson v. Walgreens Co.*, No. 16–0398, 2016 WL 4212258, at *2 (D. Minn. Aug. 10, 2016) (retail pharmacy selling packaged food was not a place of public accommodation); *Gigliotti v. Wawa Inc.*, No. CIV. A. 99–3432, 2000 WL 133755, at *2 (E.D. Pa. Feb. 2, 2000) (convenience store that was not "principally engaged in selling for consumption on the premises" was not a place of public accommodation); *Chandler v. Pay-n-Save, Inc.*, No. 21-1228, 2022 WL 4016807, at *5 (D.N.M. Sept. 2, 2022) (supermarket selling food not intended to be consumed on the premises was not a place of public accommodation).

[9] *Pullins v. Bank*, No. CV 19-00006, 2020 WL 1450560, at *5 (M.D. La. Mar. 25, 2020) (dismissing § 2000a claim based on argument that the place in question was not within the statutory definition of "place of public accommodation"); *see also Daniels v. Advantage Rent-A-Car Inc.*, 80 F. App'x 936, 938 (5th Cir. 2003) (noting that the appellants did not appeal the district court's dismissal of their § 2000a claim when it held that car-rental establishment was not a "place of public accommodation").

### D.    Appellants' Claims for Conspiracy and Negligent Infliction of Emotional Distress Fail

Below, Walden Security explained why Appellants' state-law claims for conspiracy and negligent infliction of emotional distress should be dismissed. ROA.674-77.

Under Louisiana law, "[a]n independent cause of action for civil conspiracy does not exist." *Hardy v. Easterling*, 113 So.3d 1178, 1184 (La. Ct. App. 2013).  Civil conspiracy requires an underlying, intentional tort that the conspirators agreed to commit and committed in whole or in part causing plaintiff's injury. *Able Sec. and Patrol, LLC v. Louisiana*, 569 F. Supp. 2d 617, 636 (E.D. La. 2008) (citing authorities).

Appellants have not alleged any underlying intentional tort against Walden Security. This alone warrants dismissal of Appellants' common law conspiracy claim. *See, e.g.*, *Wright v. United Parcel Serv., Inc. (Ohio)*, No. 3:20-CV-00098, 2020 WL 1909973 at *6 (W.D. La. Apr. 2, 2020) (dismissing plaintiff's civil-conspiracy claim because there was no viable underlying tort).

Appellants' claim for negligent infliction of emotional distress

likewise should be dismissed.  Under Louisiana law, a plaintiff must prove

five elements to establish a negligent infliction of emotional distress claim:

> (1) the defendant had a duty to conform his or her conduct to a
> specific standard of care; (2) the defendant failed to conform his
> or her conduct to the appropriate standard; (3) the defendant's
> substandard conduct was a cause-in-fact of the plaintiff's
> injuries; (4) the defendant's substandard conduct was a legal
> cause of the plaintiff's injuries; and (5) actual damages.

*Covington v. Howard*, 146 So.3d 933, 937 (La. Ct. App. 2014). Appellants

have not shown that Walden Security breached any duty to them or that

they have suffered the kind of damages for which recovery is permitted on

a negligent infliction of emotional distress claim.

Assuming Walden Security had a duty to execute the administrative

orders, it did so. Nowhere do Appellants allege that Walden Security

breached this duty.  To the contrary, the gravamen of Appellants' claim is

that Walden Security *fulfilled* this duty.  ROA.750-52, 760.

As to damages, Appellants argued below that the administrative

orders resulted in infliction of "emotional distress, mental anxiety, and . . .

physical symptomatologies that torment mind, body, and soul . . . ."

ROA.233. These "rote" allegations of mental distress are not sufficient.

*Montgomery v. Cap. One Bank (USA), N.A.*, No. CV-22-347-SDD-SDJ, 2023 WL 2705860, at *13 (M.D. La. Mar. 14, 2023).

Appellants' damage allegations fail for other reasons. Under Louisiana law, there are four categories of negligent infliction of emotional distress: (1) distress stemming from a separate tort causing injury to person or property; (2) mental anguish from intentional infliction of emotional distress; (3) the plaintiff directly participates in the event leading to an injury; and (4) a bystander observing an injury. *See Collett v. Weyerhaeuser Co.*, No. CV 19-11144, 2021 WL 2579801, at *5 (E.D. La. June 23, 2021). Outside of those four circumstances, "[r]ecovery . . . is limited to cases where 'special circumstances' exist involving the 'especial likelihood of real and serious mental distress.'" *Id.* (citation omitted).

Appellants' claim does not fall into any of the four enumerated categories.  They therefore must show that being denied entry to the Courthouse was a rare and exceptional "special circumstance" that caused them "real and serious mental distress."  Appellants have not met this high standard, nor could they.

During Covid, nearly every American almost every day experienced restrictions on their ability to access innumerable facilities normally open

to the public.  It is not a serious argument for Appellants to claim that

being denied entry to one of these places—the Courthouse—is the kind of

special circumstance that inflicted real and serious mental distress.

Finally, if the Court dismisses all of Appellants' claims based on

federal law, it should dismiss these remaining state-law claims.  *See, e.g.*,

*Priester v. Lowndes Cnty.*, 354 F.3d 414, 425 (5th Cir. 2004).

## V.    Appellants Were Not Entitled to Discovery Before the Court Granted Walden Security's Motion to Dismiss

On appeal, Appellants argue that the District Court erred when it

stayed all discovery pending the resolution of the motions to dismiss. That

stay, according to Appellants, "disallowed for the development of the

evidentiary record." Appellants' Br. 12. There are many reasons to reject

this.

First, the issue is listed in Appellants' Statement of the Issues but is

not addressed in their brief; it is thus forfeited.  *See supra* at 15-18.  Second,

discovery orders are generally not reviewable because they are typically

not final decisions of a district court. *See Asante-Chioke v. Dowdle*, 103 F.4th

1126, 1128-29 (5th Cir. 2024) (noting that this Court "has jurisdiction to

review 'final decisions' of the district courts" which generally "do[es] not include discovery orders.").

Third, the District Court's stay of discovery was consistent with this Circuit's precedent. In *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022), this Court stated that, where a defendant has asserted immunity to the plaintiff's claims in a motion to dismiss, the district court "may not permit discovery against the immunity-asserting defendant[] before it rules on [its] defense." The District Court expressly relied on *Carswell* in its Memorandum Order granting the motion to stay discovery. ROA.1053-54. The District Court did not abuse its discretion when it stayed discovery, and its decision should be affirmed.

## VI.   The So-Called "Procedural Irregularities" Were Not Reversible Errors

Appellants argue on appeal that the District Court's dismissal of their claims "occurred under procedurally irregular conditions" that prejudiced Appellants. Appellants' Br. 19. As Walden Security understands it, Appellants claim that three reversible errors occurred involving: (1) the deadlines set by the District Court for Appellants' responses to motions to dismiss, *Id.* at 19-20 (citing ROA.655, 683, 743, 927, 930, 877); (2) the receipt,

or claimed lack thereof, of notice from the District Court's clerk regarding those deadlines, *Id.*; and (3) Chief Judge Dick's reliance on *Coombs* to support her judicial immunity defense, *Id.* at 20 (citing ROA.821, 825, 1155). None of these supports disturbing the lower court's dismissal of Appellants' claims.

The standard to establish reversible procedural error is a high, three-pronged test.  Reversal is appropriate in relation to procedural errors "if the error is (1) plain, (2) affects the appellant's substantial rights, and (3) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Warner v. Talos ERT, L.L.C.*, 133 F.4th 412, 433 (5th Cir. 2025). "An error is 'plain' if it is clear or obvious.'" *Id.* (citation omitted).

Appellants' claims do not meet this standard. First, their brief does not meaningfully explain why any of these so-called irregularities affected the fairness of this proceeding or otherwise rise to the level of reversible error.  *See Warner*, 133 F.4th at 433 (finding no plain error where the defendant failed to articulate how its substantial rights or the fairness of the proceedings were affected by the alleged error).

Second, Appellants overlook that they were able to submit their oppositions to the motions to dismiss and that the District Court addressed

those filings when it granted the motions to dismiss. ROA.709-28, 729-42, 744-57, 758-66, 830-855, 856-73, 1148, 1161. *Cf. Sauceda v. City of San Benito, Tex.*, 78 F.4th 174, 190 (5th Cir. 2023) (holding that a modification in the briefing schedule was harmless error where the plaintiff failed to show that he was prejudiced by the modification).

Third, there was nothing improper about the District Court's reliance on *Coombs* to conclude that absolute judicial immunity barred all claims against Chief Judge Dick. That decision was not "vacated," as Appellants contend. And, of course, there is nothing wrong with citing a persuasive decision from another jurisdiction that supports one's position—it's good practice when done right. There was no reversible error here.

## CONCLUSION

The judgment of the District Court should be affirmed.

Respectfully submitted this 8th day of August, 2025.

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: */s/ Justin L. Furrow*
    Justin L. Furrow, TN BPR No. 027667

    Liberty Tower, Suite 1700
    605 Chestnut Street
    Chattanooga, Tennessee 37450
    Telephone:  423.757.0221
    Facsimile:   423.508.1221
    jfurrow@chamblisslaw.com

    *Counsel for Defendant-Appellee Metropolitan
    Security Services, Inc., d/b/a Walden Security*

## CERTIFICATE OF SERVICE

I certify that on August 8, 2025, the foregoing document was served electronically through the Court's electronic-filing system on all registered users and served via U.S. Mail and/or email on the following parties/counsel:

Howard Gary Brown, Pro Se
c/o 1003 W. Michigan Drive
Hammond, LA 70401
Email: hgarybrown@gmail.com

Melanie Jerusalem, Pro Se
5130 Woodside Drive
Baton Rouge, LA 70808
Email:
jerusalemmelanie@yahoo.com

Brandon Albert Sibley, Pro Se
17517 Cline Drive
Maurepas, LA 70440
Email: bsibley97@gmail.com

Katherine Krupa Green
Chase Evan Zachary
Assistant U.S. Attorneys
777 Florida Street, Suite 208
Baton Rouge, LA 7801
Email: Katherine.Green@usdoj.gov
        Chase.Zachary@usdoj.gov

*Attorneys for William Brown, U.S. Marshal, Jeff Bowie, U.S. Marshal, Merrick Garland, U.S. Attorney General, Ronald Davis, Director, U.S. Marshals Service, and Michael Attaway, Deputy U.S. Marshal*

Karen Julian King
Assistant U.S. Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Email: Karen.King@usdoj.gov

*Attorney for Chief Judge Shelly D. Dick*

/s/ Justin L. Furrow
Justin L. Furrow

*Counsel for Defendant-Appellee Metropolitan Security Services, Inc., d/b/a Walden Security*

## CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), and 5th CIR. R. 32.1:  this document contains 7,332 words.

2.     This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO (Version 2502) in 14-point Book Antiqua font.


*/s/ Justin L. Furrow*
Justin L. Furrow

*Counsel for Defendant-Appellee*
*Metropolitan Security Services, Inc., d/b/a*
*Walden Security*