NO. 25-30209

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**Brandon Albert Sibley; Howard Gary Brown; Melanie Jerusalem,**

*Plaintiffs - Appellants*

**v.**

**Shelly D. Dick, in both Individual & Official Administrative Capacity; William Brown, United States Marshall, in both Individual & Official capacity; Jeff B., United States Marshal, in both his Individual and & Official Capacity; Merrick Garland, U.S. Attorney General, In his official capacity; Ronald L. Davis, in his official capacity as Director, United States Marshals Service; Metropolitan Security Services, Incorporated, also known as Walden Security; Michael Attaway, in both Individual & Official capacity; Jeff Bowie, United States Marshal, in both his Individual & Official Capacity,**

*Defendants – Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA
HONORABLE S. MAURICE HICKS, JR., USDC No. 23-CV-0024

## BRIEF ON BEHALF OF DEFENDANT-APPELLEE,
## CHIEF JUDGE SHELLY D. DICK

ALEXANDER C. VAN HOOK
Acting United States Attorney

KAREN J. KING (#23508)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone:   (337) 262-6618
Facsimile:    (337) 262-6693

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1) Howard Gary Brown, Plaintiff-Appellant

2) Brandon Albert Sibley, Plaintiff-Appellant

3) Melanie Jerusalem, Plaintiff-Appellant

4) Chief U.S. District Judge Shelly D. Dick, Defendant-Appellee

5) Karen J. King, Assistant U.S. Attorney, Western District of Louisiana, Counsel for Defendant-Appellee Chief U.S. District Judge Shelly D. Dick

6) Supervisory Deputy U.S. Marshal Michael Attaway, Defendant-Appellee

7) Jeff B., an unidentified Defendant-Appellee

8) Deputy U.S. Marshal Jeff Bowie, Defendant-Appellee

9) U.S. Marshal William Brown, Defendant-Appellee

10) Director Ronald L. Davis, U.S. Marshals Service, Defendant-Appellee

11) U.S. Attorney General Merrick Garland, Defendant-Appellee

12)    Chase Evan Zachary, Assistant U.S. Attorney, Middle District of
       Louisiana, Counsel for Defendants-Appellees Michael Attaway, Jeff
       Bowie, William Brown, Ronald Davis, and Merrick Garland

13)    Katherine Krupa Green, Assistant U.S. Attorney, Middle District of
       Louisiana, Counsel for Defendants-Appellees Michael Attaway, Jeff
       Bowie, William Brown, Ronald Davis, and Merrick Garland

14)    Metropolitan Security Services, Inc. d/b/a Walden Security

15)    Justin Furrow, Chambliss, Bahner & Stophel, P.C., Counsel for
       Metropolitan Security Services, Inc. d/b/a Walden  Security

16)    Nathan Lee Kinard, Chambliss, Bahner & Stophel, P.C.,  Counsel for
       Metropolitan Security Services, Inc. d/b/a Walden Security

17)    Elizabeth Bailly Block, Kullman Firm, Counsel for
       Metropolitan Security Services, Inc. d/b/a Walden Security

18)    Christine S. Keenan, Kullman Firm, Counsel for Metropolitan
       Security Services, Inc. d/b/a Walden Security


*s/ Karen J. King*
KAREN J. KING (#23508)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone:   (337) 262-6618
Facsimile:    (337) 262-6693
Email:  karen.king@usdoj.gov

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Unless the Court would otherwise find it helpful, oral argument is unnecessary in this case.  The facts are clearly illustrated in both the record and the parties' briefs.  Additionally, there are no novel issues of law being presented, and this case would be of minimal precedential value.

# <u>TABLE OF CONTENTS</u>

Page(s)

CERTIFICATE OF INTERESTED PERSONS ............................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF CONTENTS ......................................................................................... iv

TABLE OF AUTHORITIES ................................................................................... vi

STATEMENT OF JURISDICTION ........................................................................ 1

STATEMENT OF THE ISSUES ............................................................................ 1

STATEMENT OF THE CASE ................................................................................ 2

SUMMARY OF THE ARGUMENT ...................................................................... 6

STANDARD OF REVIEW ..................................................................................... 9

ARGUMENT ........................................................................................................ 10

I.     Plaintiffs Have Forfeited Any Arguments Related To Sovereign
Immunity And Mootness ............................................................................ 10

II.     The District Court Did Not Err In Finding That Chief Judge Dick Is
Entitled To Absolute Judicial Immunity In Her Individual Capacity ...... 13

III.     The District Court's Decision May Be Affirmed On Other Grounds ...... 15

A. Plaintiff's Complaint fails to state a claim under Bivens .................... 16

1. This case presents a new *Bivens* context ............................................ 16

2. Alternative remedies and special factors counsel against Plaintiffs'
recognizing *Bivens* claims ................................................................ 18

i.     Congress has acted comprehensively with respect to
COVID-19 countermeasures and never authorized
the remedy Plaintiff seeks ........................................................ 19

ii.  *Bivens* suits are inappropriate vehicles for challenges
to official government policies ....................................................19

B.  Chief Judge Dick is entitled to Qualified Immunity ........................20

IV.  Plaintiffs Were Not Entitled To Discovery Prior To The Court's
Resolution Of Defendants' Motions To Dismiss....................................22

V.  Plaintiffs' Alleged Procedural Irregularities Constitute Harmless Error,
If Any ................................................................................................22

CONCLUSION ...................................................................................................23

CERTIFICATE OF SERVICE and
COMPLIANCE WITH ECF FILING STANDARDS  ...........................................25

CERTIFICATE OF COMPLIANCE
WITH TYPE-VOLUME LIMIT..............................................................................26

# <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases:</u>

*Adams v. McIlhany,*
    764 F.2d 294 (5th Cir. 1985) ....................................................... 13, 14

*Anderson v. Creighton,*
    483 U.S. 635 (1987)....................................................................21

*Ashcroft v. Al-Kidd,*
    563 U.S. 731 (2011) ................................................................ 20, 21

*Atl. Las Olas, Inc. v. Joyner,*
    466 F.2d 496 (5th Cir. 1972) ...............................................................1

*Ballard v. Wall,*
    413 F.3d 510 (5th Cir. 2005) ..............................................................14

*Beasley v. Sch. Dist. Bd of Educ. Iberia Par.,*
    No. 6:21-CV-03276, 2022 WL 807043 (W.D. La. Feb. 24, 2022) ................9, 21

*Bell v. Nw. Indep. Sch. Dist.,*
    980 F.3d 1047 (5th Cir. 2020) .............................................................9

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*
    403 U.S. 388 (1971)................................................................ 3, 8, 16

*Brach v. Newsom,*
    38 F.4th 6 (9th Cir. 2022) .................................................................12

*Brown v. City of Cent.,*
    No. CV 22-264-SDD-RLB, 2023 WL 2950613 (M.D. La. Jan. 13, 2023) ...........5

*Cantu v. Moody,*
    933 F.3d 414 (5th Cir. 2019) ..........................................................1, 5

*Carder v. Cont'l Airlines, Inc.,*
    595 F. App'x 293 (5th Cir. 2014).......................................................10

vi

*Carlson v. Green*,
  446 U.S. 14 (1980) ................................................................. 8, 16, 18

*Carswell v. Camp*,
  54 F.4th 307 (5th Cir. 2022) ..................................................... 5, 9, 22

*Clark v. Dep't of Pub. Safety & Corr.*,
  141 F.4th 653 (5th Cir. 2025) ...........................................................23

*Coleman v. United States*,
  912 F.3d 824 (5th Cir. 2019) ............................................................10

*Coombs v. United States*,
  No. 21-CV-3761 (LTS), 2021 WL 2453496 (S.D.N.Y. June 15, 2021) .. 7, 14, 23

*Corr. Servs. Corp. v. Malesko*,
  534 U.S. 61 (2001) ...........................................................................20

*County of Butler v. Governor of Pennsylvania*,
  8 F.4th 226 (3d Cir. 2021) ...............................................................12

*Ctr. for Biological Diversity v. EPA*,
  937 F.3d 533 (5th Cir. 2019) ............................................................13

*Davis v. Passman*,
  442 U.S. 228 (1979) ........................................................................8, 16

*Egbert v. Boule*,
  *142 S. Ct. 1793 (2022)* ....................................................................17

*Forrester v. White*,
  484 U.S. 219 (1988) ..........................................................................15

*Galvin v. Occupational Safety & Health Admin.*,
  860 F.2d 181 (5th Cir. 1988) ..............................................................5

*Ganheart v. Brown*,
  740 F. App'x 386 (5th Cir. 2018) ......................................................10

*Higazy v. Templeton*,
    505 F.3d 161 (2d Cir. 2007).................................................................7

*Hinojosa v. Livingston*,
    807 F.3d 657 (5th Cir. 2015) ..............................................................21

*Klay v. Panetta*,
    758 F.3d 369 (D.C. Cir. 2014) ............................................................19

*Kovac v. Patel*,
    145 S. Ct. 1181, 221 L. Ed. 2d 255 (2025) .........................................16

*Kovac v. Wray*,
    109 F.4th 331 (5th Cir. 2024) .............................................................16

*Laster v. Boyle*,
    No. 3:21-CV-2525-D (BT), 2022 WL 4086782 (N.D. Tex. Aug. 4, 2022) . 17, 19

*Lopez v. City of Houston*,
    617 F.3d 336 (5th Cir. 2010) ..............................................................12

*Loumiet v. United States*,
    948 F.3d 376 (D.C. Cir. 2020) ............................................................17

*Mack v. Alexander*,
    575 F.2d 488 (5th Cir. 1978) ................................................................5

*Malley v. Briggs*,
    475 U.S. 335 (1986)............................................................................20

*McAlester v. Brown*,
    469 F.2d 1280 (5th Cir. 1972) ............................................................14

*Odom v. Martin*,
    229 F.3d 1153 (6th Cir. 2000) .........................................................8, 15

*Porter v. Epps*,
    659 F.3d 440 (5th Cir. 2011) ..............................................................21

*Resurrection Sch. v. Hertel*,
   35 F.4th 524 (6th Cir. 2022) ................................................................12

*Rollins v. Home Depot USA*,
   8 F.4th 393 (5th Cir. 2021) ...................................................................7

*Shambaugh & Son, L.P. v. Steadfast Ins. Co.*,
   91 F.4th 364 (5th Cir. 2024) ................................................................11

*Smith v. Krieger*,
   389 F. App'x 789 (10th Cir. 2010) .......................................................11

*Solida v. McKelvey*,
   820 F.3d 1090 (9th Cir. 2016) ...............................................................7

*Spell v. Edwards*,
   962 F.3d 175 (5th Cir. 2020) ................................................................12

*Spencer v. Kemna*,
   523 U.S. 1, 118 S.Ct. 978 (1998) .........................................................12

*Stump v. Sparkman*,
   435 U.S. 349 (1978) ..............................................................................13

*United States v. Cooper*,
   979 F.3d 1084 (5th Cir. 2020) ..............................................................10

*United States v. Herrera-Ochoa*,
   245 F.3d 495 (5th Cir. 2001) .................................................................3

*United States v. Quintanilla*,
   114 F.4th 453 (5th Cir. 2024) ...............................................................11

*Williams v. Integon Nat'l Ins. Co.*,
   132 F.4th 801 (5th Cir. 2025) ...............................................................10

*Ziglar v. Abbasi*,
   582 U.S. 120, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017) ........... passim

**Statutes:**

28 U.S.C. § 136 ...................................................................................14

28 U.S.C. § 1291 ...................................................................................1

28 U.S.C. § 1331 ...................................................................................1

28 U.S.C. § 1346(b)(1) ...........................................................................4

28 U.S.C. § 2679(a) ...............................................................................4

42 U.S.C. § 1983 ...................................................................................5

42 U.S.C. § 1985 ...................................................................................3

42 U.S.C. § 2000a ..............................................................................3, 4

42 U.S.C. § 2000a(b) .............................................................................5

Pub. L. No. 116-136 .............................................................................19

U.S.C. § 1291 ........................................................................................1

**Rules:**

Fed. R. App. P. 4(a)(1)(B) .....................................................................1

Fed. R. App. P. 32(a)(5) ........................................................................26

Fed. R. App. P. 32(a)(6) ........................................................................26

Fed. R. App. P. 32(a)(7)(B) ...................................................................26

Fed. R. App. P. 32(f) ............................................................................26

## STATEMENT OF JURISDICTION

This is an appeal from a final order[1] of the district court in a civil case entered on March 12, 2025, as to Defendant Shelly D. Dick and Metropolitan Security Services, Inc. d/b/a Walden Security, and a final judgment entered on March 13, 2025, as to the remaining Federal Defendants. ROA.1160, 1177. Plaintiffs filed a timely appeal on April 2, 2025. ROA.1180. *See* Fed. R. App. P. 4(a)(1)(B). The district court (Hicks, J.) had jurisdiction under 28 U.S.C. § 1331 to the extent that Plaintiffs' claims arise under federal law and the Constitution and to determine its own jurisdiction. *Atl. Las Olas, Inc. v. Joyner*, 466 F.2d 496, 498 (5th Cir. 1972).

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.    Have Plaintiffs forfeited any arguments challenging the district court's findings that (a) the district court lacked subject matter jurisdiction over Plaintiffs' claims against Chief Judge Dick in her official capacity based on sovereign immunity; and (b) Plaintiffs' injunctive and declaratory relief claims are moot?

2.    Did the district court err by finding that Chief Judge Dick was entitled to absolute judicial immunity in her individual capacity?

3.    Alternatively, may the district court's judgment be affirmed on other grounds?

---

[1] The district court's dismissal order constitutes a final appealable decision under 28 U.S.C. § 1291. *Cantu v. Moody*, 933 F.3d 414, 418 (5th Cir. 2019).

1

4.    Did the district court abuse its discretion by staying discovery pending its

consideration of Defendants' motion to dismiss?

5.    Do Plaintiffs' conclusory allegations of procedural irregularities by the district

court amount to an abuse of discretion or more than harmless error?

## STATEMENT OF THE CASE

On June 30, 2020, at the height of the novel coronavirus (COVID-19)

pandemic, Defendant Shelly D. Dick, Chief Judge of the U.S. District Court for the

Middle District of Louisiana ("Chief Judge Dick") issued an Amended

Administrative Order (AO No. 2020-8). ROA.65-7. Specifically, the AO extended

the CARES Act authorization for the use of video and telephone conferencing in

court proceedings and provided for the resumption of civil and criminal trials,

evidentiary hearings, arraignments, sentencings, and grand jury proceedings. The

AO also provided that, "[a]ll employees and persons having business in the Russell

B. Long Courthouse and Federal Building shall be required to wear masks when in

any public space in the building…[.]" ROA.66. Chief Judge Dick issued another

AO, AO No. 2021-5, on July 22, 2021. ROA.72-3. The mask requirement remained

the same, except masks were to be worn "regardless of vaccination status." ROA.73.

On March 15, 2022, Chief Judge Dick rescinded AO No. 2021-5 and issued

AO No. 2022-3, which provided that fully vaccinated individuals were no longer

required to wear a mask within the Federal Building. ROA.69-70. Individuals who

were not fully vaccinated, were still required to wear a mask within the building. ROA.70. Anyone refusing to comply, was required to leave the Federal Building immediately. ROA.70.

In response to changes to Centers for Disease Control ("CDC") guidance and positive developments in the COVID-19 community infection rates within the Middle District, Chief Judge Dick rescinded the mask requirement, regardless of vaccination status on March 29, 2023.[2] *See* AO No. 2023-2, https://www.lamd.uscourts.gov/orders/public_orders/AO%202023-2.pdf.

Plaintiffs Harold Brown, Brandon Sibley, and Melanie Jerusalem sued Chief Judge Dick and numerous other Defendants alleging causes of action under *Bivens*[3], 42 U.S.C. § 1985 (conspiracy to violate constitutional rights), common law conspiracy, 42 U.S.C. § 2000a (denial of service at a place of public accommodation), and negligent infliction of emotional distress. ROA.27.

Plaintiffs' Complaint alleges that Chief Judge Dick exceeded her judicial "capacity" in issuing the Administrative Orders, which forced medical decisions upon the general public, requiring Plaintiffs to either take experimental drugs or

---

[2] The district court took judicial notice of AO No. 2023-2 as a matter of public record. *See* ROA.1150. In addition, the Court may take judicial notice of the Orders under Rule 201(b) of the Federal Rules of Evidence. *See United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001). All current and prior AOs issued within the Middle District are publicly available on the court's website. *See Orders*, https://www.lamd.uscourts.gov/orders-public (last visited August 8, 2025).
[3] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

3

wear a mask to enter the Federal Building. ROA.25. Thus, Plaintiffs allege Chief

Judge Dick violated their right to due process and equal protection under the First,

Fourth, Fifth, Ninth, and Fourteenth Amendments. ROA.27. Plaintiffs further allege

that Chief Judge Dick conspired with the other Federal Defendants to violate their

civil rights and their right to access the court. ROA.27.

On May 23, 2023, Chief Judge Dick filed a motion to dismiss Plaintiffs'

claims. ROA.620-36. Chief Judge Dick argued she was entitled to absolute judicial

immunity from claims in her official and individual capacities (ROA.626-28), and

that Plaintiffs' claims for declaratory and injunctive relief were moot (ROA.628-30),

as the Administrative Orders at issue in this case were rescinded. Alternatively,

Chief Judge Dick argued that Plaintiffs' claims present a new remedy under *Bivens*,

which this Court should not create (ROA.630-34), and that she was entitled to

qualified immunity (ROA.34-35). Chief Judge Dick also argued that Plaintiffs'

claims for declaratory and injunctive relief were not cognizable under *Bivens*.

ROA.630. As to Plaintiffs' miscellaneous claims, Chief Judge Dick argued that

Plaintiffs' claims for conspiracy to violate constitutional rights[4], denial of service at

a place of public accommodation[5], and negligent infliction of emotional distress[6]

---

[4] *See Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978) (42 U.S.C. § 1983 does not apply to federal officers); *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019).

[5] 42 U.S.C. § 2000a does not apply to federal courthouses. 42 U.S.C. § 2000a(b).

[6] Claims for negligent infliction of emotional distress sound in tort and may only be brought against the United States, not federal employees. 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). For this

were are all foreclosed by either statute or Fifth Circuit precedent. ROA.27, ROA.306. Plaintiff Jerusalem responded to Chief Judge Dick's motion on June 12, 2023. ROA.709-42. Chief Judge Dick replied on June 29, 2023. ROA.897-906.

Subsequently, Plaintiffs sought discovery from all Defendants. On December 4, 2023, noting that all defendants had filed motions to dismiss asserting immunity defenses and relying on Fifth Circuit precedent, the district court granted a stay of discovery. ROA.1053; *see Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022), *cert. denied,* No. 22-959, 2023 WL 6377808 (U.S. Oct. 2, 2023) (Where public officials assert qualified immunity in motion to dismiss, district court must rule on the motion; it may not permit discovery against the immunity-asserting defendants before it rules on their defense.).

On January 12, 2024, Plaintiff Brown filed a motion for summary judgment. ROA.1055-1070. Chief Judge Dick responded to Plaintiff Brown's motion on January 31, 2024. ROA.1117-29.

On March 13, 2025, the district court granted Chief Judge Dick's motion to dismiss for lack of subject matter jurisdiction finding: (1) Plaintiffs failed to establish

---

reason, any derivative claim for common law conspiracy must also fail. *Brown v. City of Cent.*, No. CV 22-264-SDD-RLB, 2023 WL 2950613, at *3 (M.D. La. Jan. 13, 2023), *report and recommendation adopted*, No. CV 22-264-JWD-RLB, 2023 WL 2385595 (M.D. La. Mar. 6, 2023) (Civil conspiracy is not an actionable claim under Louisiana law, requiring an underlying tort).

a waiver of sovereign immunity for any claims against Chief Judge Dick in her official capacity (ROA.1155); (2) Chief Judge Dick is entitled to absolute sovereign immunity in her individual capacity (ROA.1155-56); and (3) Plaintiffs' claims for declaratory and injunctive relief were moot (ROA.1156-59).

The district court also denied Plaintiff Brown's motion for summary judgment on March 13, 2025. ROA.1175-76.

Plaintiffs appealed the decision of the district court on April 2, 2025. ROA.1180.

## SUMMARY OF THE ARGUMENT

A review of Plaintiffs' opening brief does not indicate any mention or argument regarding the district court's finding that sovereign immunity precludes Plaintiffs' claims against Chief Judge Dick in her official capacity. Plaintiffs only address the application of sovereign immunity in the context of the Marshal Defendants. Nor do Plaintiffs address the district court's finding that their claims for declaratory and injunctive relief are moot[7] because they were rescinded and no

---

[7] This argument is made to the extent that Plaintiffs' claim for declaratory and injunctive relief survives the district court's dismissal of Plaintiffs' official capacity claims based on sovereign immunity. Declaratory and injunctive relief are not available against Chief Judge Dick in her individual capacity. *See Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) ("By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action."); *see also Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities.").

6

exception to mootness applies. By not addressing the district court's findings that (a) the district court lacked subject matter jurisdiction over Plaintiffs' claims against Chief Judge Dick in her official capacity based on sovereign immunity; and (b) Plaintiffs' injunctive and declaratory relief claims are moot, Plaintiffs have forfeited any arguments challenging the district court's findings on these issues. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument…by failing to adequately brief the argument on appeal.").

Further, the district court did not err in finding that Chief Judge Dick is entitled absolute judicial immunity in her individual capacity. Chief Judge Dick's orders proscribed the conduct of civil and criminal court proceedings and courthouse access during the novel COVID-19 pandemic. ROA.1155. These actions are normal judicial functions within Chief Judge Dick's authority and jurisdiction, entitling her to the protection of absolute judicial immunity. ROA.1155-56; *see also*, *Coombs v. United States*, No. 21-CV-3761 (LTS), 2021 WL 2453496, at *3 (S.D.N.Y. June 15, 2021) (Issuing standing orders is within the scope of a Chief Judge's authority and jurisdiction, entitling the Chief Judge to absolute judicial immunity.); *Odom v. Martin*, 229 F.3d 1153 (6th Cir. 2000) (holding judges "entitled to judicial immunity for their issuance of administrative orders regarding the interpretation of the PLRA to be followed in their respective courts, as the issuance of such orders are judicial functions.").

7

Alternatively, should this Court find either a waiver of sovereign immunity or an absence of judicial immunity, the decision of the district court may still be affirmed because Plaintiffs' claims would present a new remedy under *Bivens*, which this Court should not create. Plaintiffs' claims bear no resemblance to the Fourth, Fifth and Eighth Amendment claims of *Bivens*[8], *Carlson*[9], and *Davis*[10]. Thus, this case presents a new context, and the inference of a *Bivens* remedy is disfavored. In addition, alternative remedies available to Plaintiffs, as well as special factors (Congress' legislation of COVID-related matters and the use of *Bivens* to attack policy decisions) counsel hesitation. *See Ziglar v. Abbasi*, 582 U.S. 120, 139–41, 137 S. Ct. 1843, 1860, 198 L. Ed. 2d 290 (2017).

Qualified Immunity is another basis upon which the district court's decision may be affirmed. Courts have held that mask mandates do not violate a protected liberty interest. *Beasley v. Sch. Dist. Bd of Educ. Iberia Par.,* No. 6:21-CV-03276, 2022 WL 807043, at *7 (W.D. La. Feb. 24, 2022), *report and recommendation adopted,* No. 6:21-CV-03276, 2022 WL 806815 (W.D. La. Mar. 15, 2022). Moreover, Plaintiffs will be unable to establish that the use of mask

---

[8] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (A remedy extended to a Fourth Amendment claim of excessive force pursuant to a warrantless search).

[9] *Carlson v. Green*, 446 U.S. 14 (1980) (Permitted an Eighth Amendment claim for failure of prison medical staff to provide adequate medical treatment).

[10] *Davis v. Passman*, 442 U.S. 228 (1979) (*Bivens* remedy extended to a Fifth Amendment equal protection claim against a Congressman for gender discrimination).

mandates to protect federal employees and the public within a Federal Building from a novel pandemic was objectively unreasonable under the circumstances. Thus, Chief Judge Dick is entitled to qualified immunity.

Finally, the district court did not abuse its discretion by staying discovery pending its consideration of Defendants' motion to dismiss. *See*, *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022). Nor do Plaintiffs' conclusory allegations of procedural irregularities by the district court amount to an abuse of discretion.

## STANDARD OF REVIEW

This Court reviews *de novo* a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and all "well-pled factual allegations of the complaint [are taken] as true and view[ed]…in the light most favorable to the plaintiff." *T. B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (citation omitted). The same *de novo* standard of review applies to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Williams v. Integon Nat'l Ins. Co.*, 132 F.4th 801, 804–05 (5th Cir. 2025).

And while "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers", they must still state a claim for relief. *Ganheart v. Brown*, 740 F. App'x 386, 389 (5th Cir. 2018) (citation and internal quotation marks omitted). This Court can affirm a 12(b)(6) dismissal "on any basis supported by the record." *Id.* (cleaned up).

9

A district court's decision to stay discovery is reviewed only to determine whether there has been an abuse of discretion. *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 300 (5th Cir. 2014).

## ARGUMENT

### I.   PLAINTIFFS HAVE FORFEITED ANY ARGUMENTS RELATED TO SOVEREIGN IMMUNITY AND MOOTNESS

Rule 28(a) requires an appellant's brief to include "a statement of the issues presented for review" and "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . ." And the Court has admonished that "failure to adequately brief an issue on appeal constitutes forfeiture of that argument." *United States v. Cooper*, 979 F.3d 1084, 1091 (5th Cir. 2020) (*citing Coleman v. United States*, 912 F.3d 824, 836 n.14 (5th Cir. 2019)).[11] That rule applies both when "a party lists [an] argument as one of the issues presented for review but does not make any argument specifically tailored to [the] claim" and when "a party fails to list an issue presented in his or her statement of the issues, . . . even if he or she raises the issue in the body of the brief." *United*

---

[11] The Fifth Circuit distinguishes between "waiver" and "forfeiture." "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 n.3 (5th Cir. 2024) (citation and internal quotation marks omitted).

10

*States v. Quintanilla*, 114 F.4th 453, 464 (5th Cir. 2024) (alterations in original) (citation and internal quotation marks omitted).

In ruling on Chief Judge Dick's motion to dismiss, the district court found that Plaintiffs failed to identify any waiver of sovereign immunity to proceed against Chief Judge Dick in her official capacity. ROA.1155; *Smith v. Krieger*, 389 F. App'x 789, 795 (10th Cir. 2010) (explaining that the plaintiff bears the burden to identify a specific waiver of sovereign immunity to bring official capacity claims against a federal district court judge). Plaintiffs opening brief does not address the district court's ruling in this regard. The only mention of sovereign immunity relates to the district court's ruling on the Marshal Defendant's motion to dismiss. Pls.' Opening Brief at 16.

Similarly, Plaintiffs failed to address the district court's ruling that Plaintiffs' claims for declaratory and injunctive relief were moot. ROA.1156-59. Specifically, the district court found that the Administrative Orders at issue were rescinded; and therefore, no longer present a live case or controversy. ROA.1157; *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). The district court further found that the "capable of repetition, yet evading review" exception to mootness does not apply in this case. ROA.1158; *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 988 (1998). Plaintiffs' challenge concerns the issuance of a mask mandate to combat the spread of a novel pandemic in its early stages, when state and federal government mandates were also

in effect. There is no reasonable likelihood that this fact-specific dispute will repeat itself, nor that Chief Judge Dick will issue another mask mandate because of a serious public health danger arising from a communicable disease. *See, e.g., Spell*, 962 F.3d at 180 (holding that challenge to an expired COVID-19 stay-at-home order was not capable of repetition yet evading review because it was "speculative, at best" that a similar order raising the same issues would recur); *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 230-31 (3d Cir. 2021) (similar); *Brach v. Newsom,* 38 F.4th 6, 15 (9th Cir. 2022) (similar); *Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022) (similar). The Fifth Circuit requires more than a mere theoretical possibility that the challenged conduct will occur again. *See Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010).

The aforementioned issues related to sovereign immunity and mootness have been forfeited. *Cf. Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 542 (5th Cir. 2019) (stating that "arguments in favor of jurisdiction[] can be forfeited or waived").

## II. THE DISTRICT COURT DID NOT ERR IN FINDING THAT CHIEF JUDGE DICK IS ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY IN HER INDIVIDUAL CAPACITY.

The District Court found that the Administrative Orders issued by Chief Judge Dick in her capacity as Chief Judge were within her authority and jurisdiction. ROA.1155-56. It is well-settled that judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity.

*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356.

As the Fifth Circuit noted in the *Adams* decision, the Supreme Court has set forth a two-part test for determining when a judge is entitled to immunity from money damages liability when named as a defendant in a personal-liability, constitutional tort claim. *Adams*, 764 F.2d at 297 citing *Stump*, 435 U.S. at 362. The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity. *Id*. If the judge was not dealing with the plaintiff in a judicial capacity, then there is no immunity. If the judge was dealing with the plaintiff in his judicial capacity, however, the second part of the test is whether the judge acted in the "clear absence of all jurisdiction." *Id*. at 357 (citation omitted).

In determining whether an act is "judicial" the Fifth Circuit considers: (1) whether the act complained of is a normal judicial function; (2) whether the act(s) occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arise from of a visit to the judge in his or her official capacity. *Adams*, 764 F.2d at 297, *citing McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). However, these factors should be broadly construed in favor of

13

immunity, including in cases where one or more of the *McAlester* factors is absent. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

In this case, Plaintiffs' claims against Chief Judge Dick arise from her issuance of COVID-related orders which proscribed the conduct of court proceedings (civil and criminal) and courthouse access during a novel pandemic. Such orders are clearly normal judicial functions within Chief Judge Dick's authority and jurisdiction as Chief Judge[12]. *See Coombs v. United States*, No. 21-CV-3761 (LTS), 2021 WL 2453496, at *3 (S.D.N.Y. June 15, 2021) (Issuing standing orders is within the scope of a Chief Judge's authority and jurisdiction, entitling the Chief Judge to absolute judicial immunity.); *See also, Odom v. Martin*, 229 F.3d 1153 (6th Cir. 2000) (holding judges "entitled to judicial immunity for their issuance of administrative orders regarding the interpretation of the PLRA to be followed in their respective courts, as the issuance of such orders are judicial functions.").

In response, Plaintiffs argue that Chief Judge Dick's Orders were an administrative, rather than a judicial function. Pls.' Opening Brief at 17. In support of their position, Plaintiffs cite *Forrester v. White*, 484 U.S. 219, 229 (1988); however, Forrester involved personnel actions. The Supreme Court held that the

---

[12] *See* 28 U.S.C. § 136 (West).

14

demotion and discharge of a probation officer was an administrative function that is not judicial or adjudicative. *Id.*

Plaintiffs do not substantively address the *Coombs* or *Odom* cases. Instead, Plaintiffs mistakenly suggest that *Coombs* was vacated because the case was subsequently dismissed following the decision cited. Pls.' Opening Brief at 20.

The district court's finding that Chief Judge Dick is entitled to absolute judicial immunity should be affirmed.

## III.    THE DISTRICT COURT'S DECISION MAY BE AFFIRMED ON OTHER GROUNDS.

Alternatively, should this Court determine that either sovereign immunity has been waived for Plaintiffs' claims against Chief Judge Dick in her official capacity, or that Chief Judge Dick is not entitled to absolute judicial immunity in her individual capacity, the district court's decision may be affirmed on other grounds. *Kovac v. Wray*, 109 F.4th 331, 335 (5th Cir. 2024), as revised (July 25, 2024), cert. denied sub nom. *Kovac v. Patel*, 145 S. Ct. 1181, 221 L. Ed. 2d 255 (2025) ("This [c]ourt may affirm on grounds other than those relied upon by the district court" when supported by the record.).

### A. *Plaintiff's Complaint fails to state a claim under Bivens*

#### 1. This case presents a new *Bivens* context

In *Ziglar v. Abbasi*, the Supreme Court dramatically narrowed the

circumstances in which a *Bivens* claim may be pursued. *See Ziglar v. Abbasi*,

582 U.S. at 134-36. (2017).   The Court explained that it had recognized a *Bivens*

remedy in only three cases: (1) *Bivens,* 403 U.S. at 389, itself, which involved a

Fourth Amendment claim of excessive force pursuant to a warrantless search; (2)

*Davis v. Passman*, 442 U.S. 228 (1979), which allowed a Fifth Amendment equal

protection claim against a Congressman for gender discrimination; and (3) *Carlson*

*v. Green*, 446 U.S. 14 (1980), which permitted an Eighth Amendment claim for

failure of prison medical staff to provide adequate medical treatment. "These three

cases – *Bivens*, *Davis*, and *Carlson* – represent the only instances in which the Court

has approved of an implied damages remedy under the Constitution itself." *Abbasi*,

582 U.S. at 131. "[E]xpanding the *Bivens* remedy" beyond these contexts "is now a

disfavored judicial activity." *Abbasi*, 582 U.S. at 135.

Because expansion of *Bivens* is "disfavored," courts must use "caution before

extending *Bivens* remedies" beyond these three contexts. *Id; see also, Egbert v.*

*Boule, 142 S. Ct. 1793, 1800 (2022).* A context is "new" - and therefore requires a

special factors analysis – if it is "different in a meaningful way from previous *Bivens*

cases decided by this Court." *Abbasi*, 582 U.S. at 139.  "[E]ven a modest extension

is still an extension." *Id*. at 147. And a *Bivens* remedy in a new context "will not be

available if there are special factors counselling hesitation in the absence of

affirmative action by Congress." *Id*. at 136. "[E]ven a single sound reason to defer

to Congress" is enough to require a court to refrain from creating such a remedy. *Egbert*, 142 S. Ct. at 1803.

The context in which plaintiff asks this court to create a damages remedy is undoubtedly new. Plaintiffs seek to extend a *Bivens* remedy to suits against the Judiciary for actions taken in response to the COVID-19 pandemic. *See, e.g., Loumiet v. United States*, 948 F.3d 376, 382 (D.C. Cir. 2020) (observing that a "'new context' is present whenever the plaintiff seeks damages from a 'new category of defendants'" and finding that executive officers in the comptroller office were a new category) (quoting *Abbasi*, 137 S. Ct. at 1860); *see also*, *Laster v. Boyle*, No. 3:21-CV-2525-D (BT), 2022 WL 4086782, at *2–3 (N.D. Tex. Aug. 4, 2022), *report and recommendation adopted*, No. 3:21-CV-2525-D, 2022 WL 4084429 (N.D. Tex. Sept. 6, 2022). Additionally, the Court has never authorized an implied remedy under the First and Ninth Amendments.[13] Plaintiffs' claims bear no resemblance to the Fourth, Fifth and Eighth Amendment claims of *Bivens*, *Carlson*, and *Davis*. Accordingly, this case presents a new context, and the inference of a *Bivens* remedy is disfavored.

>   2.  Alternative remedies and special factors counsel against recognizing Plaintiffs' *Bivens* claims.

---

[13] Plaintiffs seek a *Bivens* remedy under the Fourteenth Amendment; however, the Fourteenth Amendment only applies to States and is inapposite here.

Moreover, hesitation in inferring a *Bivens* remedy in this context is warranted for two reasons: (1) Plaintiff has an adequate alternative remedy available through other processes[14], and (2) multiple special factors counsel hesitation against extending a *Bivens* remedy. *See Abbasi*, 582 U.S. at 140-41.

The creation of a new *Bivens* remedy is a rare thing. For "42 years" the Supreme Court has repeatedly declined to recognize new *Bivens* claims. *Egbert*, 142 S. Ct. at 1799. "At bottom, creating a cause of action is a legislative endeavor." *Id.* at 1802. The Supreme Court urges "caution" for this reason, holding that a court "cannot" recognize a *Bivens* remedy where there is even the "potential" that "judicial intrusion into a given field might be harmful or inappropriate." *Id.* at 1805-06; *Laster v. Boyle*, No. 3:21-CV-2525-D (BT), 2022 WL 4086782, at *3 ("Ultimately the legislative branch is best positioned to determine federal employees' exposure to monetary damages for constitutional torts, which raises separation of powers concerns.").

      i.    Congress has acted comprehensively with respect to COVID-19 countermeasures and never authorized the remedy Plaintiff seeks.

In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic

---

[14] Indeed, the typical avenue to challenge allegedly unconstitutional policy decisions of a federal agency is by way of official-capacity relief. *Abbasi*, 582 U.S. at 144 ("Respondents instead challenge large-scale policy decisions . . . To address those kinds of decisions, [Respondents] may seek injunctive relief."). Plaintiffs could have sought a variety of equitable and other remedies in federal court including mandamus or other injunctive relief, which Plaintiffs did seek in this case.

Security Act (CARES Act), which implemented a variety of initiatives related to the onset of the COVID-19 pandemic. CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The absence of liability provisions for COVID-19 countermeasures in the midst of "[c]ongressional interest" is a "telling silence" that counsels against creating a remedy. *Abbasi*, 582 U.S. at 144; *see Klay v. Panetta*, 758 F.3d 369, 376 (D.C. Cir. 2014) (If "Congress has legislated pervasively on a particular topic but has not authorized the sort of suit that a plaintiff seeks to bring under *Bivens*," respect for the separation of powers demands that courts not imply a remedy.).

> ii.    *Bivens* suits are inappropriate vehicles for challenges to official government policies.

"[A] *Bivens* action is not 'a proper vehicle for altering an entity's policy.'" *Abbasi*, 582 U.S. at 140 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)). Rather, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." *Malesko*, 534 U.S. at 71. This holds true "[e]ven if the action is confined to the conduct of a particular Executive Officer in a discrete instance[.]" *Abbasi*, 582 U.S. at 141. Such a claim still would "call into question the formulation and implementation of a general policy." *Id.*

Allowing a *Bivens* claim here would violate this prohibition against the use of *Bivens* remedies for such policy attacks. Plaintiffs seek to have this Court invalidate Chief Judge Dick's administrative orders in response to COVID-19. In effect, allowing

such an action under *Bivens* would undermine the ability of Judges to perform their judicial functions. Such considerations should be committed to those who write the laws. *Abassi*, 582 U.S. at 135-36.

B. **Chief Judge Dick is entitled to Qualified Immunity**

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. Al-Kidd*, 563 U.S. 731, 743 (2011), *quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015) (*quoting Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011)). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.' " *Ashcroft v. al–Kidd*, 563 U.S. 731 (2011), *quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Courts presented with constitutional challenges to mask requirements in a

variety of settings have routinely found that mask mandates do not violate a protected liberty interest. *Beasley v. Sch. Dist. Bd of Educ. Iberia Par.,* No. 6:21-CV-03276, 2022 WL 807043, at \*7 (W.D. La. Feb. 24, 2022), *report and recommendation adopted,* No. 6:21-CV-03276, 2022 WL 806815 (W.D. La. Mar. 15, 2022). Thus, Plaintiffs fail to allege a constitutional violation. Even if this court were to disagree, Plaintiff will be unable to establish that the use of mask mandates to protect federal employees and the public within a Federal Building from a novel pandemic was objectively unreasonable under the circumstances. Chief Judge Dick should be granted Qualified Immunity.

IV.    **PLAINTIFFS WERE NOT ENTITLED TO DISCOVERY PRIOR TO THE COURT'S RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS.**

Plaintiffs' cursory argument regarding the lack of discovery before the district court is unsupported within Plaintiffs' brief and in law. Pls.' Br. at 12. As the Fifth Circuit explained, a district court "may not permit discovery—'cabined or otherwise'—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022). The district court expressly relied on *Carswell* when granting the Marshal Defendants' motion to stay discovery. ROA.1053-54. Thus, the district court did not abuse its discretion by relying on clearly established

law to stay discovery. Plaintiffs therefore fail to identify any reversible error by the district court on this issue.

## V.     ANY ALLEGED PROCEDURAL IRREGULARITIES CONSTITUTE HARMLESS ERROR, IF ANY.

Finally, Plaintiffs' miscellaneous claims of procedural irregularities also fail to identify any reversible error by the district court. Plaintiffs summarily refer to "inconsistencies in the mailing and recording of motion settings and deadlines" and "monkey business that occurred with the Clerk's office." Pls.' Op. Brief at 19-20. However, Plaintiffs do not establish that any action by the Court constituted an abuse of discretion. Rather, Plaintiffs indicate that they were provided with e-filing privileges. *Id*. Further, the docket sheet evidences that Plaintiffs were able to file numerous motions and respond to all motions filed by the defendants.

Plaintiffs also suggest that they should have been permitted leave to amend their complaint, in lieu of dismissal. However, this issue is not properly before the Court as Plaintiffs did not seek leave to amend. Moreover, leave to amend is not automatic and is committed to the broad discretion of the court. *Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 661–62 (5th Cir. 2025). A court need not allow a plaintiff to amend, where any such amendment would be futile, and the amended complaint subject to dismissal. *Id*.; *see also, Coombs v. United States*, No. 21-CV-3761 (LTS), 2021 WL 2453496, at *5. In this case, the district court dismissed

22

Plaintiffs' claims against Chief Judge Dick because there has been no waiver of sovereign immunity for Plaintiffs' claims against Chief Judge Dick in her official capacity and she is entitled to absolute judicial immunity from Plaintiffs' claims in her individual capacity; therefore, any amendment would be futile.

## CONCLUSION

For the foregoing reasons, there was no error on the part of the District Court and the judgment of the District Court granting Chief Judge Dick's motion to dismiss should be affirmed.


Dated: August 8, 2025            Respectfully submitted,

                          ALEXANDER C. VAN HOOK
                          Acting United States Attorney

                          By:    *s/ Karen J. King*
                                 KAREN J. KING (#23508)
                                 Assistant United States Attorney
                                 800 Lafayette Street, Suite 2200
                                 Lafayette, LA 70501
                                 Telephone: (337) 262-6618
                                 Facsimile: (337) 262-6693
                                 Email:      karen.king@usdoj.gov

                                 *Attorney for Defendant-Appellee, Shelly D.*
                                 *Dick*

## CERTIFICATE OF SERVICE and
## <u>COMPLIANCE WITH ECF FILING STANDARDS</u>

     I hereby certify that a copy of the foregoing Brief on Behalf of Defendant-Appellee, Chief Judge Shelly D. Dick, was filed electronically with the Fifth Circuit Court of Appeals using the electronic filing system.  Notice of this filing will be sent to all registered users by operation of the court's electronic filing system.  The following individuals were also served via United States Mail to:

Brandon Albert Sibley
17517 Cline Drive
Maurepas, LA 70449

     In addition, I hereby certify that: (1) all required privacy redactions have been made pursuant to 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document pursuant to 5th Cir. R. 25.2.1; and, (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

     Lafayette, Louisiana, this 8th day of August, 2025.


          *s/ Karen J. King*
          KAREN J. KING (#23508)
          Assistant United States Attorney
          800 Lafayette Street Suite 2200
          Lafayette, LA 70501
          Telephone:  (337) 262-6618

# CERTIFICATE OF COMPLIANCE
# WITH TYPE-VOLUME LIMIT

1.      This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

     (a)      This document contains **<u>6708</u>** words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

     (a)      This document has been prepared in a proportionally spaced typeface using:

         Software Name and Version – **<u>Microsoft Word 2016</u>**;

         in Typeface Name and Font Size – **<u>Times New Roman 14 pt.</u>**


*<u>s/ Karen J. King</u>*                         <u>August 8, 2025</u>
KAREN J. KING (#23508)                     Date
Assistant United States Attorney