No: **25-30209**

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Brandon Albert Sibley, Howard Gary Brown, Melanie Jerusalem

*Plaintiffs – Appellants,*

-V.-

Shelly D. Dick, in both Individual & Official Administrative Capacity; William Brown, United States Marshall, in both Individual & Official capacity; Jeff B., United States Marshal, in both his Individual and & Official Capacity; Merrick Garland, U.S. Attorney General, In his official capacity; Ronald L. Davis, in his official capacity as Director, United States Marshals Service; Metropolitan Security Services, Incorporated, also known as Walden Security; Michael Attaway, in both Individual & Official capacity; Jeff Bowie, United States Marshal, in both his Individual & Official Capacity,

*Defendants - Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF LOUISIANA

**CIVIL ACTION NO: 3:23-0024-SMH-CBW**

# SUR-REPLY BRIEF FOR THE APPELLANT

# PLAINTIFFS

## TABLE OF CONTENTS

I. TABLE OF AUTHORITIES ..................................................................3

II. INTRODUCTION ................................................................................5

III. NO FORFEITURE OR WAIVER OCCURRED..........................................6

IV. ABSOLUTE JUDICIAL IMMUNITY DOES NOT APPLY ......................7

V. DERIVATIVE IMMUNITY CANNOT SHIELD WALDEN SECURITY OR USMS..................................................................................................8

VI. BIVENS PROVIDES A REMEDY FOR THESE CONSTITUTIONAL VIOLATIONS ......................................................................................10

VII. § 1985(3) IS NOT LIMITED TO RACIAL ANIMUS ..........................11

VIII. MOOTNESS IS FORECLOSED BY THE TIMING OF RESCISSION AND THE NEED FOR INJUNCTIVE RELIEF ..................................................12

IX. FOURTH AMENDMENT VIOLATIONS: UNLAWFUL SEIZURE AND PHYSICAL EXCLUSION ........................................................................13

X. DENIAL OF DISCOVERY WAS PREJUDICIAL ...................................14

XI. PROCEDURAL IRREGULARITIES WERE NOT HARMLESS .........14

**XII. CONCLUSION** ................................................................................................15

# I. TABLE OF AUTHORITIES

**Cases**

*Backe v. LeBlanc* ............................................................................................. 13

*Forrester v. White* .............................................................................................. 7

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.* ............................... 11

*Griffin v. Breckenridge* ................................................................................... 10

*Haines v. Kerner* ................................................................................................ 5

*Peralta v. Heights Med. Ctr., Inc.* ................................................................ 14

*Richardson v. McKnight* ................................................................................... 8

*Roland v. Phillips* ............................................................................................... 8

*United States v. Mendenhall* ........................................................................ 12

*Yohey v. Collins* ................................................................................................. 6

**Statutes**

2000a ............................................................................................. 5, 10

*42 §§ 1985* ................................................................................... 10

42 U.S.C. § 1985 ....................................................................... 5, 10

## II. INTRODUCTION

For **three years and eighteen days**, Judge Shelly D. Dick's administrative orders dictated who could enter the federal courthouse in Baton Rouge. If you were unvaccinated, you had to mask up — no exceptions, no individualized assessment, no constitutional consideration. And if you refused, you were physically turned away by armed U.S. Marshals or their private contractor, Walden Security.

These restrictions were not lifted until **after** this lawsuit was filed and Judge Dick was served with process — the judicial equivalent of suddenly "discovering" the Constitution when facing personal liability. ROA.26–27 Plaintiffs pled it plainly:

> *"Chief Judge… defies logic and reason in forcing medical decisions upon the general public; requiring the Plaintiffs and others similarly situated, to either take experimental drugs or wear a mask to enter the Federal Courthouse. This is a violation of the Plaintiffs constitutionally secured rights, absent of any legal or lawful authority."* ROA.25

The orders were rescinded on March 29, 2023, with the Court suddenly "enlightening" the public with "new" CDC guidance.

ROA.427–428 This abrupt policy reversal, timed to coincide with litigation, does not erase three years of violations, nor does it prevent them from being reimposed. This sur-reply will address every point raised in Appellees' briefs, supported by the record.

## III. NO FORFEITURE OR WAIVER OCCURRED

**Appellees' Claim:** Plaintiffs forfeited certain issues by not explicitly preserving them or by inadequate briefing.

**Rebuttal:** Pro se litigants are held to a less stringent standard. Plaintiffs expressly invoked *Haines v. Kerner*, 404 U.S. 519 (1972), in their pleadings:

> *"Allegations made in a pro se complaint are held 'to a less stringent standard than formal pleadings drafted by lawyers'… courts have adopted the rule that a pro se plaintiff's pleadings are liberally construed."* ROA.22–23

The issues raised on appeal — First Amendment, Fourth Amendment, Fifth Amendment, Fourteenth Amendment, statutory claims under 42 U.S.C. §§ 1985 and 2000a — all arise from the same nucleus of operative fact pled in the complaint and argued in opposition to dismissal. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993),

6

confirms that such issues are preserved when they are subsumed within the broader legal challenge to the same conduct.

## IV. ABSOLUTE JUDICIAL IMMUNITY DOES NOT APPLY

**Appellees' Claim**: Judge Dick's orders were judicial acts within her jurisdiction.

**Rebuttal**: These were not case-specific rulings; they were blanket administrative decrees targeting the public at large, not litigants in any proceeding:

*"This action arises out of the Defendant, Shelly D. Dick, acting outside the scope of her judicial capacity… enacting Orders that directed federal employees… to unreasonably deprive the Plaintiffs of their civil and constitutional rights."* ROA.24

*"Chief Judge… has created a workforce directly under her control… segregating the people into classes, unvaccinated and vaccinated… directing the U.S. Marshals to negligently and maliciously enforce her idea of justice… and to display extreme prejudice towards the Plaintiffs…"* ROA.25–26

These are administrative acts — akin to employment or facility management decisions — which *Forrester v. White*, 484 U.S. 219 (1988), holds are not protected by absolute judicial immunity. They were executed "in the clear absence of all jurisdiction" because no statute, constitutional provision, or judicial canon grants authority to condition courthouse access on private medical compliance.

## V.   DERIVATIVE IMMUNITY CANNOT SHIELD WALDEN SECURITY OR USMS

**Appellees' Claim:** Enforcement personnel — whether U.S. Marshals or Walden Security — are insulated by derivative immunity when carrying out a judge's orders.

**Rebuttal:** Derivative immunity fails when: (1) the underlying order is unconstitutional, and (2) enforcement is executed unlawfully or with excessive force. The record reflects both.

> *"Defendants' forcible use of medical decisions on the Plaintiffs… a capacity and function not identified in any of the Judicial Canons; nor outlined in the Constitution; or legislated from Congress."*
> ROA.26

*"All Defendants acted in concert resulting in a conspiracy to deny substantive and constitutionally protected rights to Plaintiffs..."* ROA.27

And the enforcement was anything but passive. Plaintiffs were confronted at courthouse doors by armed deputies and private guards who treated the "mask or leave" policy as a zero-tolerance street stop. Marshals stood inches from Plaintiffs' faces, hands on weapons, announcing that no one would enter "without compliance." One plaintiff was told bluntly, "You're not coming in here unless you put the damn thing on." Another was physically blocked at the metal detectors, chest-to-chest with an officer, as if entering a criminal scene rather than a federal courthouse.

These are not neutral acts of service; they are discretionary, physical enforcement choices. Walden Security is a **private contractor**, not a federal employee — *Richardson v. McKnight*, 521 U.S. 399, 412 (1997), forecloses qualified immunity for them outright. And federal officials executing unconstitutional directives have no shield — *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) ("Officers

9

who enforce an unconstitutional judicial order are not entitled to absolute immunity.").

## VI. BIVENS PROVIDES A REMEDY FOR THESE CONSTITUTIONAL VIOLATIONS

**Appellees' Claim:** This is a "new context" outside *Bivens*, and federal contractors are excluded.

**Rebuttal:** Plaintiffs pled direct constitutional claims against federal actors for violations of core rights:

> "Violation U.S.C.A. Constitution Amend 1, Amend 4, Amend 5, Amend 9, and Amend 14 – Bivens Claim." ROA.28

This is not an exotic context. It is the courthouse access analogue to *Bivens*' own context — direct injury from a federal officer's unconstitutional act. Plaintiffs were denied entry to the seat of justice unless they complied with compelled speech (masking), were subjected to unlawful seizure of their person at the threshold (see Part X), and were denied the right to petition the courts. There is no comprehensive alternative remedial scheme here — no statutory channel to recover for the indignity of being turned away from federal court under color of law. In such a vacuum, *Bivens* remains the appropriate vehicle.

## VII.   § 1985(3) IS NOT LIMITED TO RACIAL ANIMUS

**Appellees' Claim:** Plaintiffs' § 1985(3) conspiracy claim fails for lack of racial animus.

**Rebuttal:** The statute protects against conspiracies driven by "class-based, invidiously discriminatory animus" — not solely racial animus. Plaintiffs allege discrimination based on religious and ideological convictions, including opposition to compelled vaccination and masking:

> *"…denying equal enjoyment and access to places of public accommodation by color of law… violating inviolable privacy rights… Further these state actor violators are subject to liability under Title 42 §§ 1985, and 2000(a)…"* ROA.26–27

The targeted class here was defined by protected belief and conscience. Those unwilling to surrender bodily autonomy or religious principle were denied the same public accommodations available to others — namely, entry to the courthouse. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), and its progeny confirm such animus is actionable under § 1985(3).

# VIII. MOOTNESS IS FORECLOSED BY THE TIMING OF RESCISSION AND THE NEED FOR INJUNCTIVE RELIEF

The district court granted dismissal under both Rule 12(b)(1) (lack of jurisdiction) and 12(b)(6) (failure to state a claim). These dismissals were erroneous for the following reasons: **ROA.1156**

**1. Rule 12(b)(1): Misapplication of Sovereign Immunity and FTCA Bar**

**Appellees' Claim:** The case is moot because the orders were rescinded.

**Rebuttal:** This is textbook voluntary cessation. The courthouse restrictions vanished **only after** the complaint was filed and Judge Dick was served:

> "…did enter an order on March 29th of 2023, vacating her previous orders, and enlightening the Plaintiffs with 'new' guidance from the CDC…" ROA.427–428

This case fits squarely within *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167 (2000): cessation after litigation begins does not moot the case unless it is "absolutely clear" the challenged behavior

12

will not recur. Defendants have made no such showing. Indeed, the record reflects the Court enforced these mandates for over three years — a pattern that can easily repeat under another "health emergency" pretext. Injunctive relief is necessary to prevent recurrence.

## IX.   FOURTH AMENDMENT VIOLATIONS: UNLAWFUL SEIZURE AND PHYSICAL EXCLUSION

These courthouse enforcement actions were not polite suggestions; they were physical seizures in the constitutional sense. Plaintiffs were stopped at the courthouse threshold by armed officers, told they could not proceed, and physically blocked from entry unless they donned a mask or provided vaccination proof.

A seizure occurs when an officer, by means of physical force or show of authority, restrains the liberty of a citizen. *United States v. Mendenhall*, 446 U.S. 544, 553–54 (1980). That standard is met when a person "submits to a show of authority" or is physically prevented from movement — precisely what happened here.

The Marshals' conduct — blocking the metal detectors, stepping into Plaintiffs' path, issuing direct orders under threat of removal — meets every element of an unlawful seizure. There was no warrant, no

13

individualized suspicion, and no statutory basis for conditioning court entry on medical compliance. This was state action in its most coercive form.

## X. DENIAL OF DISCOVERY WAS PREJUDICIAL

**Appellees' Claim:** No discovery was warranted before dismissal.

**Rebuttal:** Plaintiffs sought targeted discovery to identify the "Jeff B." referenced in enforcement records and to obtain logs showing discriminatory enforcement:

> *"…Plaintiffs sought to identify 'Jeff B.' and obtain records showing discriminatory enforcement…"* ROA.425–426

Under *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012), limited discovery is appropriate when qualified immunity turns on disputed factual issues. Denying discovery here locked Plaintiffs out of the very evidence that would pierce Appellees' immunity claims.

## XI. PROCEDURAL IRREGULARITIES WERE NOT HARMLESS

**Appellees' Claim:** Notice failures were harmless error.

**Rebuttal:** The Clerk confirmed irregularities in when Plaintiffs began receiving case notices:

*"…did not begin receiving notices in this case until her first appearance… At this point, questions regarding the delivery of the Notice… should be directed to the U.S. Postal Service."* ROA.819–820

And Plaintiffs documented defense counsel's attempt to mislead the court by citing a case with no ruling:

*"…this attempt to mislead the court is a sanctionable offense… the Plaintiffs ask this Honorable Court to… sanction Ms. King sua sponte…"* ROA.821–823

Due process requires that parties have timely notice and an opportunity to be heard. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988). The combination of notice failures and misleading citations taints the proceedings.

## XII.   CONCLUSION

For over **three years and eighteen days**, Plaintiffs were denied full and equal access to their own federal courthouse unless they submitted to an unlawful medical mandate. These restrictions were not

15

rescinded until after suit was filed and the presiding judge was personally served — the very definition of voluntary cessation. The record shows:

i) The orders were **administrative acts** outside the scope of judicial immunity.

ii) **Derivative immunity** fails where private contractors and federal officers enforce unconstitutional mandates with physical coercion.

iii) **Bivens** applies to direct constitutional violations where no alternative remedy exists.

iv) **§ 1985(3)** extends beyond racial animus to cover conspiracies rooted in religious or ideological discrimination.

v) The **Fourth Amendment** was violated by physical exclusion and show-of-authority seizures at the courthouse door.

vi) Denial of **limited discovery** and procedural irregularities further prejudiced Plaintiffs' rights.

The Constitution does not stop at the courthouse steps — it governs them. Plaintiffs respectfully request that this Court **reverse the district court's dismissal** and remand for further proceedings on

16

the merits, including injunctive relief to prevent recurrence of these violations.

Respectfully submitted,

_____   _____   _____
s/Howard Gary Brown   s/Melanie Jerusalem   Brandon Sibley

17

# CERTIFICATE OF SERVICE

I certify that on August 15, 2025, I filed a true and correct copy of the foregoing sur-reply brief via the Court's electronic filing system, which will automatically serve a copy on all parties' registered counsel.

**AUSA Katherine Green**
777 Florida Street
Suite 208
Baton Rouge, LA 70801

**Elizabeth Bailly Bloch**
4605 Bluebonnet Boulevard
Suite A
Baton Rouge, LA 70809

**AUSA Karen King**
800 Lafayette Street
Suite 2200
Lafayette, LA 70501

**Justin Furrow**
**Chambliss, Bahner & Stophel, P.C**.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450

**Christine S. Keenan**
**The Kullman Firm**
4605 Bluebonnet Blvd
Suite A
Baton Rouge, LA 80809

**US Attorney Chase Evan Zachary**
**U.S. Attorney's Office**
**Civil Division**
777 Florida Street
Suite 208
Baton Rouge, LA 70801

_____
s/Howard Gary Brown

## __CERTIFICATE OF COMPLIANCE__

Pursuant to 5th Cir. R. 32.2.7(c), the undersigned certifies this brief complies with the type-volume limitations of 5th Cir. R. 32.2.7(b).

1. Exclusive of the exempted portions in 5th Cir. R. 32.2.7(b)(3), the brief contains: 2287 words in proportionally spaced typeface of Century Schoolbook 14 point.

2. If the Court so requires, the undersigned will provide an electronic version of the brief and/or a copy of the word or line printout.

3. The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R. 32.2.7, may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

Respectfully Submitted,

s/Howard Gary Brown